[No. 21678. Department One. April 11, 1929.]

FRANK L. McGUIRE et al., Appellants, v. C. O. BEAN et al., Respondents.[1]

Fred M. Bond, for appellants.
Welsh & Welsh, for respondents.

TOLMAN, J.—This is an action to set aside a tax deed. From a decree denying the plaintiffs any relief, they have appealed.

It appears that appellant Kate McGuire, by deed dated January 26, 1888, acquired title to property in the deed described as lot 3, block 57, in the First addition to the town of Seaview, in Pacific county, Washington. Later, her son and co-plaintiff acquired from her an undivided interest in the property which, it appears, was never shown of record.

At the time of acquiring title and at all times since, the appellants have been residents of Portland, Ore-

[1]Reported in 276 Pac. 555.

gon. The taxes were paid in the name of Mrs. McGuire from the time she acquired title up to and including taxes for the year 1919. Taxes for the years 1920 and 1921 were allowed to become delinquent, but the treasurer's record shows that Mrs. McGuire paid the 1922 taxes and also shows her then street address in Portland, Oregon, which has at all times been her home.

In due time a certificate of delinquency was issued for the 1920 taxes, which certificate was held by the county. A general county foreclosure action was thereafter duly commenced which ripened into a judgment on April 8, 1927. It is conceded that the foreclosure proceedings were regular in all respects, except as hereinafter pointed out.

In 1912, for some unknown reason, the property was assessed in the name of one Knapp and thereafter, notwithstanding the payment of taxes by Mrs. McGuire, Knapp continued to appear as owner on the records of the county treasurer.

The various plats of the town of Seaview and its additions were not introduced in evidence, nor is the date of the filing of any shown. It does appear that the first to be filed was the plat of Seaview. Next was filed a plat of the First addition to Seaview, but there is testimony to the effect that this plat of the First addition did not contain any block 57 and that there never was any block 57, First addition to Seaview. There followed the filing of a third plat, which was a combination of the original town of Seaview, the First addition thereto, and the Second addition to the town of Seaview, "all in one map," which plat and map contained but one block 57 and that block 57, according to the plat, was block 57, Second addition to Seaview.

The appellants seem to have regarded the description in the deed by which Mrs. McGuire acquired title

as correct and there is no evidence as to how the tax receipts, issued to them before the foreclosure, described the property.

As we have already indicated, in the foreclosure proceedings and the published notice, the name of Knapp appeared as the owner of this property. The name of McGuire nowhere appeared. No actual notice was given to the McGuires of the pendency of the action or of the sale under the foreclosure judgment which was held on April 30, 1927 (the statute requiring notice of the sale to be given to the record owner having been repealed in 1925), and appellants were without actual notice of any of the proceedings until after the treasurer had issued a deed to the purchaser at the sale.

On April 22, 1927, eight days before the sale, appellants wrote to the county treasurer asking for statement of the taxes due on lot 3, block 57, First addition to Seaview, and in compliance, the treasurer sent a statement showing all taxes then due with interest figured up to May 31, 1927, but whether that statement described the property as being in first or second addition, does not appear. There was nothing in the statement, and nothing accompanied it, giving any reference to the proceedings to foreclose, the judgment of foreclosure or the pending sale. Just when this statement of the amount of the taxes then due was received by the appellants does not appear, but probably it came into their hands before the day of sale. Their evidence shows that they relied upon their knowledge of when taxes were payable in the state of Oregon and that a few days elapsed after receiving the statement before they, on May 6, 1927, mailed to the county treasurer a check covering the taxes as shown by the statement. When that check was received by the county treasurer, the tax deed had already been issued, so the treasurer returned the check with notice

that the property had been sold for taxes. Appellants then investigated, the conditions were revealed and this action was promptly instituted.

Appellants seem to contend that the tax sale is void because of the failure to give them notice, either actual or constructive, and because the description of the property was insufficient; and, also, they claim the sale to be void or voidable because of constructive fraud on the part of the county treasurer.

It is conceded that the statute requiring notice to the record owner of the sale had been repealed prior to the initiation of this proceeding to foreclose and the lack of notice complained of relates only to the defects contained in the published notice by which jurisdiction was acquired, and the alleged misconduct of the county treasurer in failing to give notice of the pending sale in answer to the request for the amount of taxes due.

The only deficiencies in the published notice are as to the name of the owner and the description of the property.

■ That in a general county tax foreclosure notice the name of the true or record owner does not, or the name of any other than the record owner does, appear, is immaterial, has been so often decided by this court that the subject is no longer open for discussion. *Merges v. Adams,* 137 Wash. 208, 242 Pac. 43, and cases there cited.

■ The first and primary purpose of the description in the published notice is to acquire jurisdiction *in rem,* though this thought has not always been clearly expressed in dealing with the subject. Manifestly the court may not acquire jurisdiction of one thing by describing another. Had that occurred here we should not be in doubt.

Here, however, the evidence leaves no possible doubt

that the published notice correctly described the property as lot 3, block 57, Second addition to Seaview, and therefore that description was sufficient to give the court jurisdiction.

Did the failure of the notice to in any way refer to the First addition actually mislead the true owners? Manifestly not, as they seem never to have seen the published notice and had no knowledge of and placed no reliance upon anything it contained or omitted.

Very soon after the enactment of the present revenue law, in the case of *Washington Timber & Loan Co. v. Smith,* 34 Wash. 625, 76 Pac. 267, this court laid down a rule which has since been faithfully followed and from which we do not feel at liberty to depart. That rule is:

"With such a provision in our law, and with the positive declaration, quoted above, that all interested persons shall take notice of the steps taken in the cause, we see no reason why the statute shall not be given the force which was evidently intended, notwithstanding the fact that the summons is by publication only. The difficulties attending the collection of public revenue are many at best, and the relation of the citizen to the subject is somewhat different from his relation to the ordinary contractual obligations. He must take notice that by law his property is assessed each year, that the tax is due and delinquent at a fixed time, is a lien upon his land, and, if not paid, that the lien shall be enforced by foreclosure proceedings, and in the manner provided by statute."

Did the failure of the county treasurer, when asked for a statement of the taxes due, to give notice of the pending sale amount to constructive fraud? Since the legislature in its wisdom has seen fit to repeal the statute requiring such notice, there is now no duty imposed upon the treasurer in that respect except to truthfully answer questions asked, or rather, not to give misinformation. Here no question was

asked. Nothing was inquired about save only the amount of taxes due, which question appears to have been truthfully answered. If the record to which the treasurer had to refer to ascertain the amount due had disclosed the pending sale (and as to this the record here is silent), or if the treasurer had then had in mind the fact of the pending sale, in either such event it would have been but reasonable courtesy for him to have included such information with the statement sent to appellants. But since the statute no longer makes it a duty for the treasurer to advise the owner of a pending sale, we cannot by judicial legislation command such a duty no matter how reasonable we may think it to be.

Here, at most, the treasurer remained silent upon a subject of great moment to the tax payer, regarding which he was not questioned. Therefore, his act or omission was well within the rule laid down in *Tacoma Gas & Electric Light Co. v. Pauley*, 49 Wash. 562, 95 Pac. 1103.

Like most cases of this character, there is here a certain element of hardship from which we would be glad to relieve, but to do so would unsettle long established rules and lead to uncertainty and difficulty in the collection of taxes which are the life blood of the state. We are convinced that the present rules are just and that they bring hardship only to those who have invited it by their own neglect.

The judgment appealed from is therefore affirmed.

MITCHELL, C. J., FULLERTON, HOLCOMB, and BEALS, JJ., concur.