[No. 27024. Department Two. June 28, 1938.]

JULIAN O. MATTHEWS, as *Executor, et al., Appellants,*
v. C. H. MORRISON *et al., Respondents.*[1]

*Smith & Matthews* and *F. C. Hackman,* for appellants.

*J. W. Bryan,* for respondents.

MILLARD, J.—John G. Matthews subdivided lot 7, section 3, township 24 north, range 1 E. W. M., Kitsap county, owned by him, into 48 waterfront lots under the name "Saulsberry Villa Tracts." The plat of that subdivision is of record in the office of the auditor for Kitsap county. The tidelands fronting lot 7 were pur-

[1]Reported in 80 P. (2d) 856.

chased from the state of Washington by Matthews, but the deed executed and delivered by the state September 27, 1927, was not placed of record in the office of the auditor for Kitsap county until April 6, 1936. From 1927 to 1936, the tidelands fronting lot 7 were shown as owned by the state of Washington because of the failure of the office of the state commissioner of public lands to certify to the county assessor that those tidelands had come into private ownership; therefore, those tidelands were not assessed for taxes and no taxes were paid thereon by Matthews.

Three days subsequent to the recordation of the deed described above, the assessor computed assessed valuations and taxes on the tidelands for each of the years 1928 to 1935, inclusive, and transmitted that information to the county treasurer, who promptly entered the assessor's figures for each of the years mentioned in the 1935 tax rolls. A few days later, Mr. Matthews, through his agent, requested a segregation of the taxes on the tidelands fronting three of the lots in the Saulsberry Villa Tracts subdivision which were about to be sold, so that he could pay the taxes due on the three lots in the subdivision of lot 7. This request was granted, and on June 5, 1936, Mr. Matthews paid those taxes and received from the county treasurer a "delinquent tax receipt" showing payment of taxes, with accrued interest, for the years 1928 to 1935, inclusive, on the three lots (13, 17, and 24) of the Saulsberry Villa Tracts.

The oral warning by the deputy county treasurer to Mr. Matthews in the spring of 1936 that, unless the taxes for the years 1928 to 1935 inclusive were paid on the remainder of the property, that property would be included in the tax foreclosure sale to be held within a few months, was not heeded by Mr. Matthews. On June 15, 1936, the treasurer of Kitsap county issued to that county a certificate of delinquency in book form

for delinquent taxes and included therein as delinquent for five years and more taxes for 1928 on a tract of land described as follows:

"Tideland frtg Gov't Lot 7 ex 4 chs tf Sec. 3, Twp. 24, R. 1 E."

Thereafter, the county treasurer instituted an action to foreclose the certificate of delinquency, publishing a notice and summons including the 1928 taxes on a tract of land described the same as in the certificate of delinquency. A decree foreclosing the tax lien was entered August 31, 1936, on a tract of land of the same description as in the certificate, notice, and summons, except that, in the decree, the section, township and range were omitted. On September 12, 1936, pursuant to the decree of foreclosure, a sale was made of "tideland frtg Gov't Lot 7 ex 4 chs tf Sec. 3, Twp. 24 R. 1 E" to C. H. Morrison. On September 18, 1936, the county treasurer issued a tax deed to C. H. Morrison, conveying to Morrison property described in the deed as follows:

"Tideland fronting Gov't Lot 7 ex frtg Lots 13, 17 and 24 Saulsberry Villa Tracts., in Section 3, Township 24 North, Range 1 East."

No appearance was made by the plaintiffs or by any persons on their behalf in the foreclosure proceeding or at the office of the treasurer of Kitsap county until subsequent to the issuance and delivery of the deed by the county treasurer to Morrison. On refusal of Morrison to accept the tender from the plaintiffs of the amount he paid for the property at the tax sale, which tender has been paid into court, John G. Matthews and wife and their son Julian O. Matthews, who owned a number of the waterfront lots in the Saulsberry Villa Tract, brought this action to set aside the tax deed executed by the county treasurer to Morrison. From

the decree denying any relief to them, the plaintiffs have appealed.

Our disposition of the question whether the description of the property was sufficient to give jurisdiction to the court in the tax foreclosure proceeding obviates necessity of discussion of the other questions presented by this appeal.

The description in the certificate of delinquency and in the notice and summons in the tax foreclosure proceeding as "Tideland frtg Gov't Lot 7 ex 4 chs tf Sec. 3, Twp. 24, R. 1 E" was too indefinite to confer jurisdiction upon the court in the foreclosure proceeding. As we said in *McGuire v. Bean,* 151 Wash. 474, 276 Pac. 555, "The court may not acquire jurisdiction of one thing by describing another." Whether the four chains excepted meant the four chains in front of the three lots of the forty-eight lots in the tract owned by Julian O. Matthews, or the two sold by him to one who is not a party to this record, or to which of the forty-eight lots contained in government lot 7 the description applied, would necessitate the taking of evidence outside the record in the tax foreclosure action to determine.

The case at bar falls within the rule announced in *Moller v. Graham,* 101 Wash. 283, 172 Pac. 226, and cited with approval in *McMurren v. Miller,* 158 Wash. 284, 290 Pac. 879. In principle, the case at bar is not distinguishable from *Miller & Sons v. Daniels,* 47 Wash. 411, 92 Pac. 268, in which we held that the description "25 A. in Sec. 14 Twp. 20 Range 3, Acres 25," was insufficient to confer jurisdiction upon the court in the foreclosure proceeding, under the rule that a description which merely designates the land conveyed as a portion of a larger tract, without greater certainty as to the identity of the particular part conveyed, is fatally defective.

■ In the tax foreclosure decree in the case at bar, the property is described with less certainty than in the certificate of delinquency and the notice and summons. In addition to the ambiguity as to the four chains excepted, the decree omits mention of the section, township and range. While the deed from the county treasurer to Morrison correctly describes the property in question, that description came too late. The treasurer was not vested with authority to give a deed to property other than as described in the foreclosure proceeding and decree.

*McGuire v. Bean*, 151 Wash. 474, 276 Pac. 555, is clearly distinguishable on the facts from the case at bar. The published notice correctly described the property in that case as lot 3, block 57, second addition to Seaview. The deed to the plaintiffs described the property as lot 3, block 57, first addition to the town of Seaview. The erroneous description was the one in the deed. The authorities cited to sustain the contention of counsel for respondents that the description was sufficient to give jurisdiction to the court in the foreclosure proceeding are distinguishable from the case at bar, or are in harmony with the rule enunciated in *Moller v. Graham, supra.*

■ The statutory provision (Rem. Rev. Stat., § 11288 [P. C. § 6882-127]) that any judgment for deed to real property sold for delinquent taxes shall estop all parties from raising any objections thereto that could have been presented as a defense, has no application, for the reason that the judgment was void, the court having never acquired jurisdiction of the tax foreclosure proceeding.

Julian O. Matthews insists that he did not have any notice of the tax foreclosure proceeding. Whether John G. Matthews, who died subsequent to entry of the judgment by the trial court, was orally warned by

the deputy county treasurer that appellants' property would be included in the foreclosure proceedings, is not material. Appellants' knowledge of the proceeding would not give to the court jurisdiction in the foreclosure proceeding.

The judgment is reversed.

BEALS, BLAKE, GERAGHTY, and ROBINSON, JJ., concur.