SUTTER ET AL., RESPONDENTS, v. SCUDDER ET AL., APPEL-
LANTS.

(No. 8,054.)

(Submitted March 7, 1940. Decided April 4, 1940.)

[103 Pac. (2d) 303.]

*Mr. H. Leonard DeKalb, Mr. Otto F. Ring* (of the Bar of Chicago, Illinois) and *Mr. John W. Black,* for Appellants, submitted a brief; *Mr. DeKalb* argued the cause orally.

*Mr. Oscar O. Mueller,* for Respondent, submitted an original and a supplemental brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiffs brought this action to quiet title to two mining claims in Fergus county. The county obtained the property

through tax sale proceedings and then sold it to the plaintiff Sutter. Sutter thereafter conveyed an undivided one-half interest to plaintiff Winston. The controversy involves the validity of the tax sale proceedings. There are no important fact issues. The decisive question is one of law, viz., whether the undisputed facts warrant the finding of the court that plaintiffs are the owners of the property. The facts are these:

The property was originally patented to James B. McFatrich in May, 1907. McFatrich died on the 26th day of April, 1914, leaving surviving as his heirs at law his widow, Vesta McFatrich, and two daughters, Mrs. William M. Scudder and Mrs. Wallace F. Kirk, named as defendants. Vesta McFatrich died on November 14, 1916, leaving surviving as her heirs at law her above-named daughters. There have never been any probate proceedings in Montana or change in the record title to the premises. The property in question was assessed for the years 1921 and 1922 in the name of James B. McFatrich at 1221 Astor Street, Chicago, Illinois. The defendants had no actual notice or knowledge of the assessment for the years 1921 and 1922. They did receive what they allege was accidental notice of the assessment for the year 1923 and paid the taxes for that year. When paying the taxes they requested the county treasurer by letter of Mr. Kirk, husband of defendant Mrs. Kirk, to mail further tax notices to Mrs. James B. McFatrich, c/o Wallace B. Kirk, 750 North Michigan Avenue, Chicago, Illinois. This request was ignored.

The property in question had already been sold for delinquent taxes for the year 1921, having been struck off to Fergus county on February 8, 1922. On August 31, 1933, Fergus county made application for a tax deed. Notice was attempted to be served by registered letter addressed to James McFatrich, at 1221 Astor Street, Chicago, and notice was posted on the property. The letter was returned undelivered. A tax notice was thereupon published for two successive weeks at least sixty days before taking the deed. The tax deed was taken on January 6, 1934. The county thereafter published notice for a public sale of the property. There was no purchaser and thereafter it was sold by Fergus county to plaintiff Sutter, on August 13, 1934.

He thereupon took possession, performed development work and expended about $1,000 in prospecting the property.

Defendants contend that the assessment having been made under section 2009, Revised Codes of 1921 (now sec. 2009, Rev. Codes 1935), on the theory that the name of the owner of the property was known rather than unknown, it was incumbent upon the county in applying for the tax deed under that section to serve notice upon the owners. They argue in effect that this statute contemplates actual notice to the owner when the property is assessed to a known owner. They contend that the defect with respect to the want of notice is one going to the jurisdiction, and therefore renders the tax sale void. This contention finds support in the case of *Small* v. *Hull*, 96 Mont. 525, 32 Pac. (2d) 4, where no notice at all was given. However, in this case notice was actually given as we shall point out, though it was not received. In other words, a notice pursuant to the requirements of the statute was sent by registered letter to the record owner of the property at his last known address, and notice was posted on the property. The registered letter being returned, notice was thereafter published. Hence we cannot treat this as a case where no notice at all was given.

Under our statutes property must be assessed in the name of the owner if known, but if unknown it must be assessed to unknown owners. (Sec. 2009, supra.) A mistake in the name of the owner or supposed owner does not affect the validity of the assessment. (Sec. 2002, Rev. Codes; *County of Musselshell* v. *Morris Development Co.*, 92 Mont. 201, 11 Pac. (2d) 774.) This points to the conclusion that in some respects at least the procedure for taxation of real property and enforcing collection of taxes is *in rem* and not *in personam,* and this court has so indicated in *State ex rel. Freebourn* v. *Yellowstone County,* 108 Mont. 21, 88 Pac. (2d) 6, as well as in *Averill Machinery Co.* v. *Freebury Bros.*, 59 Mont. 594, 198 Pac. 130. Defendants assert that the *Averill Case* recognizes the proceedings as *in rem* only when the property is actually assessed to an unknown owner. We do not so interpret that case. They also rely upon the cases of *Hilger* v. *Moore,* 56 Mont. 146, 182 Pac.

477, *State ex rel. Tillman* v. *District Court,* 101 Mont. 176, 53 Pac. (2d) 107, 103 A. L. R. 376, *Ford Motor Co.* v. *Linnane,* 102 Mont. 325, 57 Pac. (2d) 803, and *Christofferson* v. *Chouteau County,* 105 Mont. 577, 74 Pac. (2d) 427, as sustaining the view that tax proceedings in Montana are *in personam.* The opinions in those cases use language pointing to that conclusion. Those cases state that "taxes are levied against the person, not the property"; they do not treat of the precise question here under consideration. While taxes may be levied against the person, there is no continuing personal obligation on the part of the owner, but the obligation is terminated when the tax lien is foreclosed. (*Calkins* v. *Smith,* 106 Mont. 453, 78 Pac. (2d) 74.)

We hold that proceedings for the enforcement of a tax obligation when proceedings are against the property, as here, rather than by suit under section 2253, Revised Codes, are *in rem.* If that were not so, it is doubtful whether taxes could ever be collected against a non-resident owner of property in this state. Proceedings to effect collection of taxes on real property by foreclosure of the tax lien are *in rem* and not *in personam.*

Notice of application for a tax deed must be served upon the owner, if known. (Sec. 2209, Rev. Codes.) In case of mining property, notice must be by registered letter addressed to any known owner at least sixty days before the purchaser applies for a deed. Where the postoffice address of the owner is unknown, the applicant "shall publish once a week for two (2) successive weeks in a newspaper published in the county where the property is situated, a notice," the form of which is set out in section 2209.

Examination of the statute discloses that whether publication of notice is permissible depends, not upon whether the owner is known or unknown, or whether it is assessed to known or unknown owners, but upon the fact whether the address of the owner is known, and this is so whether the owner be known by name or unknown. Here the name of the owner and his address were thought to be known, as shown by the record. It

should be noted that the letter from Mr. Kirk advising as to the address to which tax notices should be sent, was addressed to the county treasurer. The county assessor is the person who assesses property. When land has been assessed and described on the assessment book it need not be described a second time, and any person claiming the same and desiring to be assessed therefor may have his name inserted with that of the person to whom such land is assessed. (Sec. 2055, Rev. Codes.) If Mr. Kirk desired that the land be assessed to him or to Mrs. McFatrich or her daughters, he should have taken proper steps to have his or Mrs. McFatrich's name, or the names of the daughters and their address inserted in the assessment book. (Sec. 2055, supra.) While we do not commend the act of the county treasurer in not seeing that this was done, yet it is true that the request as to where tax notices should be sent should have been made to the county assessor and not to the county treasurer. Again, when the property is struck off to the county and it applies for a tax deed, the proceedings are under the control of the county clerk under the order of the county commissioners (*Arnold* v. *Custer County*, 83 Mont. 130, 269 Pac. 396), and neither the county clerk nor county commissioners would be chargeable with notice given only to the county treasurer.

It may be true that the county treasurer should not have ignored the request that further tax notices be sent to the address designated in the letter of Mr. Kirk. But whatever we may say regarding this omission, the fact remains that it is incumbent upon a property owner to take notice of the known fact that all property is taxed annually, and unless the taxes are paid that the property will be sold at tax sale (61 C. J. 565; *Detroit Life Ins. Co.* v. *Fuller*, 228 Mich. 191, 199 N. W. 699; *McGuire* v. *Bean*, 151 Wash. 474, 276 Pac. 555), and where the notice was given to the record owner at his last-known address and also published, as here, the property owner cannot complain that he did not in fact receive the notice.

The Supreme Court of the United States in *Huling* v. *Kaw Valley R. & Imp. Co.*, 130 U. S. 559, 9 Sup. Ct. 603, 32 L. Ed.

1045, made this pertinent statement: "It is, therefore, the duty of the owner of real estate, who is a non-resident, to take measures that in some way he shall be represented when his property is called into requisition; and, if he fails to do this, and fails to get notice by the ordinary publications which have usually been required in such cases, it is his misfortune, and he must abide the consequences. Such publication is "due process of law" as applied to this class of cases." Had the registered letter not been returned to the sender, there would have been a strict compliance with the statute without the publication of notice. Since, however, that letter was returned there was some proof that the address was then unknown, which made it necessary to publish the notice.

The service of the notice here involved was in compliance with section 2209, Revised Codes, and the tax deed subsequently issued was valid unless, as defendants contend, the substance of the notice which was published was not sufficient. Defendants urge that the published notice was insufficient and defective in that it was not addressed to anyone by name. There are cases which support this view. Among them may be cited the following: *Eastman* v. *Little,* 5 N. H. 290; *Marx* v. *Hanthorn,* 148 U. S. 172, 13 Sup. Ct. 508, 37 L. Ed. 410; *Williams* v. *Bergin,* 108 Cal. 166, 41 Pac. 287; *Chicago & Alton R. R. Co.* v. *Smith,* 78 Ill. 96; *Geneva* v. *Thompson,* 200 Iowa, 1173, 206 N. W. 132. This requirement is not necessary under our statute. Section 2209 gives the form of notice that should be given, and it does not require the name of the owner of the property to be given. The proceedings to enforce the tax lien are *in rem,* and "if the owners are named in the proceedings and personal notice is provided for, it is rather from tenderness to their interests, and in order to make sure that the opportunity for a hearing is not lost to them, than from any necessity that the case shall assume that form." (Sec. 1405, Cooley on Taxation, 4th ed.; and see *Noble* v. *Aune,* 50 Wash. 73, 96 Pac. 688, and 61 C. J. 1152.)

The next question presented by defendants is that the notice of application for tax deed does not sufficiently describe the property, in that it does not state that the property is

located in Fergus county. It does appear, however, that the notice is signed by the county clerk of Fergus county, and recites that on a named date the undersigned would apply to the county treasurer of Fergus county for a tax deed. The notice also described the claims by name and survey number. The rule is that "the state and county in which the land is located need not be stated in direct connection with the description where such can be readily ascertained from the notice." (61 C. J. 1265.) The description in the notice was sufficient, since anyone interested would have no difficulty in ascertaining what property was involved.

It is further contended that the notice is defective in that it includes property owned by different owners. Whether this renders the notice ineffectual is a question on which the authorities are divided. (61 C. J. 1265, notes 45 and 46.) Our statute (sec. 2209, supra) in giving the form of notice did not contemplate that a single notice could not include property owned by different persons. If the legislature contemplated a separate notice for each piece of property under separate ownership, it would have chosen language to indicate such a purpose. Not having done so, we are constrained to follow those decisions which hold that a notice may include tracts of land belonging to more than one owner, as here.

It is likewise contended that the tax deed is invalid for the reason that it states that the property was assessed to Mrs. McFatrich, whereas the undisputed fact is that it was assessed to James B. McFatrich. This is merely a clerical error which does not affect the validity of the deed. (*Gallash* v. *Willis,* 90 Mont. 148, 300 Pac. 569.)

The trial court was correct in sustaining the validity of the tax deed. The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.

Rehearing denied June 15, 1940.