[No. 29688.  *En Banc.*  January 31, 1946.]

KING COUNTY, *Appellant,* v. NEWTON P. LESH *et al.,*
*Respondents.*[1]

*Lloyd Shorett* and *Wm. R. Bell,* for appellant.

*Chester A. Lesh,* for respondents.

MILLARD, J.—This action was instituted to secure a tax foreclosure decree against certain property described on assessment rolls, by the county assessor, by lot and block numbers according to an unrecorded plat.  The decree of foreclosure was entered December 29, 1938.

The marital community of Newton P. Lesh and Keith M. Lesh filed a petition and motion February 5, 1945, to vacate

[1]Reported in 165 P. (2d) 999.

the tax foreclosure of certain property which they alleged they owned and to cancel a deed issued as a result thereof. King county filed an answer in which it admitted that the petitioners had not theretofore appeared in the foreclosure action, which was an action *in rem,* and that, in the action to secure a tax foreclosure decree, the property of petitioners was described as certain lots and blocks in an unrecorded plat. As an affirmative defense, the county pleaded that the property was part of a plat on file in the office of the county assessor for King county and had been purchased under that description by the petitioners, who knew both actually and constructively that the taxes thereon had been delinquent. Petitioners demurred to the answer and affirmative defense on the grounds that the court had no jurisdiction of the subject matter of the action, and that the answer and affirmative defense did not state facts sufficient to constitute a defense to the petition. Petitioners also filed a motion to strike the county's answer and affirmative defense or, in the alternative, to require the county to make its defense more definite and certain.

Hearing on the demurrer and the motion to strike resulted in entry of an order that the demurrer of the petitioners to the answer and affirmative defense be sustained. The court stated that the sustaining of the demurrer obviated necessity of passing on motion to strike the affirmative defense and to make it more definite and certain. King county declined to plead further and elected to stand on its answer and affirmative defense, whereupon judgment was entered granting the petition to vacate the tax foreclosure decree, which was adjudged to be void. By the judgment, the county assessor was required to place the property in controversy on the tax rolls of King county, and to assess taxes thereon for 1946 and for all the years for which taxes are unpaid. The judgment provided that, until there is a delinquency upon such reassessment, no interest shall be charged for the years for which the taxes on the property are delinquent.

The first question presented for determination is whether the trial court erred in sustaining respondents' demurrer

to appellant's answer and affirmative defense to the petition to vacate the decree in the tax foreclosure proceeding, the answer and affirmative defense admitting that the judgment rendered against the property of respondents was *in rem* and that the property was described in that proceeding as certain lots and blocks in an unrecorded plat, and alleging that respondents had purchased the property under that description.

▇ The trial court did not err in sustaining the demurrer. No jurisdiction was acquired over the *res* in the foreclosure proceeding, and the decree entered therein is void.

We held in *Napier v. Runkel,* 9 Wn. (2d) 246, 114 P. (2d) 534, 137 A. L. R. 175, that a tax foreclosure by county is a proceeding *in rem* and jurisdiction of the *res* must clearly appear; and, in such a proceeding, a description of the property involved by reference to an unrecorded plat is insufficient to confer jurisdiction upon the court to proceed against the property. In the case cited, the property involved was owned by one Fred S. Gilbert. Taxes were levied and assessed by describing the land on the tax rolls with reference to an unrecorded plat of Gilbert's Avion City addition to Seattle. The taxes were unpaid. The property was included in a regular tax foreclosure proceeding throughout which the property was described with reference to the same unrecorded plat, the descriptions in the notice and the decree of foreclosure being the same descriptions as were used on the tax rolls. A tax deed was issued to King county, which in turn sold the property under contract to James L. Napier. Prior to the tax foreclosure, the city of Seattle acquired a lien against the property for unpaid local improvement assessments, the assessment rolls of which described the land not only with reference to the unrecorded plat but by a proper description by metes and bounds. An action was commenced by Napier as a contract vendee and King county as owner against defendants Runkel and Sharp as the executrix and executor of the estate of Gilbert, the original owner, and as the heirs of Gilbert and against the city of Seattle. In the

action it was sought to quiet title in King county and Napier as vendee. The plaintiffs pleaded their tax title. Defendants' demurrer was sustained and the action dismissed. The judgment was affirmed on appeal.

◼ We announced the general rule is that, in order to divest the owner's title through a tax foreclosure, the property must be identified in the proceedings and described with reasonable certainty so that a person of ordinary intelligence, from an examination of the foreclosure proceedings, could locate the property sought to be foreclosed. We said:

"The tax foreclosure proceedings afforded no sufficient means of locating the property, nor did they convey any information as to how the property might be located. The foreclosure was an action *in rem,* and the mere reference to an unrecorded plat was insufficient to vest the court with jurisdiction to proceed."

◼ *Napier v. Runkel, supra,* is controlling. Mere reference to an unrecorded plat is insufficient to vest the court with jurisdiction in an *in rem* proceeding such as a tax foreclosure. In an action *in rem,* a decree that is void on its face may be attacked by anyone having a direct interest in the title to the property involved. See, also, *King County v. Rea,* 21 Wn. (2d) 593, 152 P. (2d) 310, and *Wingard v. Pierce County,* 23 Wn. (2d) 296, 160 P. (2d) 1009.

◼ Counsel for appellant insist that knowledge on the part of respondents, owners of the real property involved herein, that their taxes were delinquent, is a defense to their petition to vacate the tax foreclosure decree. With this view we cannot agree. Knowledge by petitioners that their taxes were delinquent would not be a defense to a petition to vacate a void tax foreclosure decree. The tax foreclosure proceeding was an action *in rem,* and no jurisdiction was acquired by the court in that proceeding; hence, the matter of knowledge is not material.

In *Matthews v. Morrison,* 195 Wash. 288, 80 P. (2d) 856, which was an action to set aside a tax deed on the ground that the description was too indefinite to confer jurisdiction

upon the court in the foreclosure proceeding, we said that it was not material whether the owner of the property involved in that action, who died subsequent to entry of the judgment by the trial court, was orally warned by the deputy county treasurer that his property would be included in the foreclosure proceedings; that his knowledge of the proceedings would not give to the court jurisdiction in the foreclosure proceeding.

It is unnecessary to review the many authorities cited by appellant and respondents, as the cases we have cited are controlling.

The judgment is affirmed.

DRIVER, C. J., BEALS, STEINERT, BLAKE, ROBINSON, SIMPSON, and JEFFERS, JJ., concur.

MALLERY, J. (dissenting)—The majority opinion holds: "No jurisdiction was acquired over the *res* in the foreclosure proceeding and the decree entered therein is void." This is put upon the ground that the assessor's description and the description of the property in the owner's recorded deed is a nullity because it made reference to an unrecorded plat. No jurisdictional question is presented here as to the land being located in the county in which the action was brought, the superior court being the proper court in which to bring the action, or as to the regularity of the summons. Only the description of the *res* was questioned as to its adequacy to confer jurisdiction on the court. I quote the majority opinion:

"As an affirmative defense, the county pleaded that the property was part of a plat on file in the office of the county assessor for King county *and had been purchased under that description by the petitioners,* who knew both actually and constructively that the taxes thereon had been delinquent." (Italics mine.)

The respondents knew they had not paid their taxes and knew where their property was located and do not claim otherwise. The description used in the foreclosure action was taken from the recorded deed that gave them their title.

Since a recorded deed is notice to the world of the

grantee's interest in the property described therein, it must follow that their interest may be reached in an action in which the same description is used, because the owners too must take notice of it. They may not derogate from their own grant and still maintain their action based on a description they claim to be a nullity. Either their title is good or they are out of court.

To follow the rule of the *Napier* case, as the majority opinion does, is to hold that, however conclusive the facts may be as to the actual notice given by the description as found in an owner's recorded title, the court must say as a *matter of law* that the description is insufficient to give the notice required by law to give the court jurisdiction of the *res,* if it mentions an unrecorded plat.

The purpose served by the description of the property in a tax foreclosure action is to give notice of the proceeding to the owner so that he will be accorded *his day in court* to defend the action, if he cares to, and thus not be *deprived of his property without due process of law.* The owner will not have had his day in court if the description is inadequate. "Manifestly the court may not acquire jurisdiction of one thing by describing another." *McGuire v. Bean,* 151 Wash. 474, 276 Pac. 555. "Nor may the court acquire jurisdiction by describing nothing which is intelligible except to those with special knowledge of some special custom." *McMurren v. Miller,* 158 Wash. 284, 290 Pac. 879.

As is said in the majority opinion:

"We announced the general rule is that, in order to divest the owner's title through a tax foreclosure, the property must be identified in the proceedings and described with reasonable certainty so that a person of ordinary intelligence, from an examination of the foreclosure proceedings, could locate the property sought to be foreclosed."

These rules are fully met by using the description found in the owner's recorded deed. The owner derogates from his own grant when he questions its sufficiency to give him notice of the action.

The majority opinion follows the rule first laid down in *Napier v. Runkel, supra,* which I reluctantly followed in

*King County v. Rea, supra.* Perhaps as good a reason for overruling a case and departing from the doctrine of *stare decisis* as can be found, is that its rule produces unjust results. I think the *Napier* case is unsound and ought to be overruled for that reason.

I believe that the assessor's practice of using the descriptions of real property taken from the owner's recorded deeds, even when the descriptions refer to an unrecorded plat, is the fairest and most conclusive possible method of identifying the property to the certain knowledge of the owners for assessment and foreclosure purposes and offers owners of property a maximum protection against foreclosure without notice.

It may be contended that the county assessor should assess property by describing it with reference to government surveys or by metes and bounds descriptions until such a time as a plat is duly recorded as well as filed, and that he should be prohibited from using the descriptions in the recorded deeds that have reference to unrecorded plats. Aside from the expense entailed in causing a survey to be made in order to arrive at a description of a lot in an unrecorded plat, it is impossible to do so if the unrecorded plat cannot be referred to and is to be treated as a nullity, as is done in this case. There is no conceivable process by which such a survey could be made. If it be held that the filed but unrecorded plat is not such a nullity but that the assessor can refer to it for that limited purpose, then it follows that everyone else can do it, unless of course, there is some magic about an assessor that is unknown to the rest of us. If anyone can do it, then the description is not a nullity and should not be held to be such. Notwithstanding all this, if nevertheless it is done by the assessor, only confusion and hardship can result. The owners of property which is described in their deeds by reference to an unrecorded plat, even though they know where the land is, have improved and are in occupancy of it, would in very rare instances know how to pay taxes upon it if it were described by metes and bounds by the assessor, because they are unaware from the description in their deed even

of the township in which their property is situated. Even a surveyor could not enlighten them without again surveying their property.

This is not a suitable occasion for this court to express its disapproval of the filing of unrecorded plats and the conveying of property by reference thereto. When it does arise, the disapproval should fall upon the party wrongfully filing and conveying property by such a plat. It would be like penalizing the victim of an assault rather than the one who committed it, to permit the grantor to question the grantee's title on such a ground. The same should hold true through all subsequent transfers where by mesne conveyances the grantees successively became grantors. Purchasers of the property from the county should have a deed with the same standing as a mesne conveyance. Indeed, the only distinction is that the county acquired its title by due process of law rather than by direct conveyance from a grantor. Surely, this court will not be consistent and hold that, as between private parties, their deeds are a nullity because of such a description of the property, and that therefore the grantees have no title. On the other hand, how can the same description be good in one case and a nullity in another?

What good can be accomplished by a rule of law that holds that the description of an owner's property that he actually knows about does not afford him his day in court because the notice is insufficient as a matter of law? This disapproval of unrecorded plats cannot induce a lawful replatting of property in any event. The diversity of ownership after conveyances referring to an unrecorded plat make it impossible.

Under the rule of the *Napier* case, the following is lawful: A person acquires a piece of property described by reference to an unrecorded plat. The assessor, properly, as I think, assesses his property according to the description in his recorded deed. Without excuse, he fails to pay the taxes. The county acquires the property in the customary tax lien foreclosure proceeding. Subsequently, an innocent purchaser acquires it from the county and pro-

ceeds to improve and build on it. Thereafter, the former owner, at least up until the time the last owner's title becomes good by adverse possession, can come into court, have the foreclosure decree vacated, the treasurer's deed to the last owner canceled, and have the property restored to him. All this is upon the strength of his own deed with the same identical description. The law should not permit such a derogation from one's own grant to prevail in an action. It is not only illogical; it is unconscionable.

This unjust result flows from a misconception of the county assessor's duty and authority. He is not a *quasi*-judicial officer with the duty of passing upon the legality of every tax payer's title and proceeding to remove clouds therefrom by describing their property differently than in their deed. Indeed, he is not a party to or interested in suits to quiet title and hence should wait until the result of such suits are duly recorded before departing from the former condition of the record.

The rule of the *Napier* case jeopardizes the vested titles of many persons. Many unrecorded plats are on file and have been for many years in this state. Many persons have bought property described in their deed by reference to these filed but unrecorded plats. Most of them have paid their taxes in accordance with the descriptions in their deed. To question the regularity of those assessments and payments now. at this late day can produce nothing but confusion.

The rule should be that the description used in an owner's recorded title is sufficient in a notice of tax foreclosure to afford him his day in court. *Napier v. Runkel* and *King County v. Rea, supra,* should be overruled. The judgment should be reversed.