CLEM J. MEYER, PLAINTIFF AND RESPONDENT, v. WILLIAM A. CHESSMAN, ET AL., AND GEORGE G. E. NEILL, ET AL., DEFENDANTS AND APPELLANTS.

No. 9504.

Submitted May 20, 1957. Decided September 14, 1957.

315 Pac. (2d) 512.

Mr. Paul W. Smith, Mr. David R. Smith, Mr. J. Miller Smith and Mr. Chadwick H. Smith, Helena for appellants.

Mr. Ralph J. Anderson, Mr. Stanley P. Sorenson and Mr. R. M. Mills, Helena, for respondent.

Mr. J. Miller Smith and Mr. Anderson argued orally.

MR. CHIEF JUSTICE HARRISON:

This is a suit to quiet title to certain lands situated in the City of Helena, Montana. The parcel in dispute was originally a part of the placer mining claim of William A. Chessman and Joseph Davis which claim was platted and filed for record in 1872. The Chessman and Davis Placer was divided into numbered lots, the property in question being situated in lot 4. Lots 5 and 7 are also pertinent to this case because the defendants resist this quiet title suit on the basis of title to property which was originally a part of lots 5 and 7. Lots 4, 5 and 7 all corner, lots 4 and 5 being to the north and lot 7 to the south.

The original patent upon the whole placer mining claim from the United States of America was dated April 6, 1874, and filed for record on April 27, 1874.

Lot No. 4. It appears from the abstracts of title, which are in evidence in this cause, that William A. Chessman and Joseph Davis, by quitclaim deed dated September 14, 1872, conveyed

lot 4 of the Chessman and Davis Placer to W. A. Dewar, Joseph Davis and Lewis Davis.

By various mesne conveyances lot 4 eventually was conveyed to Geo. G. E. Neill, Margaret Neill and M. H. Gerry, Jr., in 1914. In that year those parties evidently joined forces to establish a corporation named the Montana Properties Company, to which corporation they conveyed their interests in lot 4. In the same year the Montana Properties Company conveyed a 125 foot wide strip of land bordering on Main Street and comprising part of lot 4, to the Montana Rapid Transit Company. In 1925 a tax deed to all of lot 4 was issued to Lewis and Clark County for delinquent taxes. From the time the tax deed was issued to the time this suit was instituted plaintiff has an unbroken chain of title to the disputed area in lot 4 of Chessman and Davis Placer.

Central Addition No. 2. In 1884 Central Addition No. 2 was platted and the plat placed of record in the county clerk and recorder's office in Helena, Montana. Except for Joseph Davis, the purported landowners executing the plat did not own any part or parcel of lot 4 at the time the plat was filed, and Joseph Davis owned only an undivided one-third interest thereof. The Addition comprised property lying in lots in the Chessman and Davis Placer, among which were lots 5 and 7. On the plat of this Addition is designated block 570, in which are lots 15 and 16. Lots 15 and 16, as delineated on the plat, have a small projection which is separated from the rest of block 570 by a line, which line, by the evidence, appears to be the eastern boundary of lot 4. It is this small projection, measuring approximately 25 feet by 55 feet, which is the subject of litigation in this case.

Thus it appears that a part of lots 15 and 16 of block 570, as delineated on the plat, project into lot 4 of the Chessman and Davis Placer. Therefore an examination of the chain of title to lots 15 and 16 of block 570 is necessary to determine exactly what territory was covered by these lots.

Lots 15 and 16. Lot 5 of the Chessman and Davis Placer

190

was conveyed on September 10, 1872, to Coyne and Sanders. Lot 7 thereof was conveyed to Whitney Watson and Company. Eventually, but just prior to the time the plat of Central Addition No. 2 was filed for record, the owners of lot 7 were Charles W. Cannon and James M. Ryan.

As to lot 16 in block 570, the records indicate that Sanders and wife in 1885 conveyed a one-half interest therein to Charles W. Cannon and Richard Hoback. One Hale by other conveyances obtained the other undivided one-half interest. Hale died and his estate inventoried the undivided one-half interest in lot 16. In 1929 a tax deed to this undivided one-half interest to lot 16 was issued to Lewis and Clark County based upon delinquent taxes.

As to Charles W. Cannon, his one-fourth interest in lot 16 was conveyed by tax deed to Lewis and Clark County in the year 1926, the deed being filed for record in 1933, basis therefor being unpaid taxes for the year 1920.

Richard Hoback died July 16, 1896; his estate was probated in Lewis and Clark County wherein an undivided one-fourth interest in lot 16 was inventoried, and by decree of distribution made and entered on February 17, 1913, distributed to Josephine Coe and William Hoback. William Hoback then conveyed his interest to Coe in the year 1916.

On February 27, 1926, the county treasurer issued a tax deed to the part of lot 16 owned by Coe to Lewis and Clark County which was filed April 15, 1930, based upon unpaid taxes for the year 1916.

Lot 15 by various mesne conveyances was deeded to Capitol Investment Company, a corporation, in 1906. On December 3, 1925, the county treasurer executed a tax deed to Lewis and Clark County which was filed March 22, 1927.

On April 11, 1935, Lewis and Clark County executed a bargain and sale deed to Margaret G. Neill and Virginia K. Fletcher, conveying lots 15 and 16 of block 570.

Defendants claim title to the disputed property in three ways: (1) By deraignment of title shown in plaintiff's abstract of

title, and a deed (which shall be discussed later) from the Montana Rapid Transit Company to Neill and Fletcher to the strip of land 125 feet wide, bordering on the west boundary line of Main Street, asserted to contain the disputed area; (2) By deraignment of title through their predecessors in interest of lots numbered 15 and 16 in block 570 of the Chessman and Davis Central Addition No. 2 as shown by defendants' abstract title; (3) By adverse possession, over a period of twenty-five years in which defendants and their predecessors in interest contend they have been in the constant, exclusive, open and notorious possession and use of said undisputed area in the advertising business, and in servicing and illuminating their poster panels or billboards, and by paying the taxes thereon for a like-period.

Under their first contention the defendants assert that the tax deed to the county, issued in the year 1925 covering lot 4 of the Chessman and Davis Placer, was void because the proper procedure was not followed in the county's application for tax deed; in particular that the county did not give the requisite notice to Montana Rapid Transit Company before it applied for a tax deed. It will be recalled that the conveyance to Montana Rapid Transit Company in 1914 of a 125 foot strip bordering on Main Street purportedly included the disputed property. The defendants have a conveyance dated 1947 from Montana Rapid Transit Company covering the disputed property. In attacking the tax deed procedure the defendants introduced into evidence what they purportedly said was a notice of application for tax deed. This notice stated that Montana Properties Company was the owner of lot 4 of Chessman and Davis Placer. It did not mention Montana Rapid Transit Company owning the property.

However what clearly appears upon the face of the notice is that it is not a notice of application for tax deed, but rather a notice of sale of the property for taxes. It has been settled by statute that ''When land is sold for taxes correctly imposed as the property of a particular person, no misnomer of the owner,

or supposed owner, or other mistake relating to the ownership thereof affects the sale or renders it void or voidable.'' R.C.M. 1947, section 84-4180. And see Cullen v. Western Mortgage & Warranty Title Co., 47 Mont. 513, 524, 134 Pac. 302; County of Musselshell v. Morris Development Co., 92 Mont. 201, 210, 11 Pac. (2d) 774; Sutter v. Scudder, 110 Mont. 390, 393, 394, 103 Pac. (2d) 303.

The reason for the statute and the cases holding likewise is that the tax sale is a proceeding *in rem* against the property itself and not *in personam*. Thus a notice with description of the property accurately contained therein suffices to supply any requirements of due process. Sutter v. Scudder, supra. It follows from the above citations of authority that defendants acquired no property rights in the disputed land by the deed from Montana Rapid Transit Company because at the time they received this deed Montana Rapid Transit Company had already been divested of any right, title or interest in the property.

There is no evidence before this court from which it can be determined or even inferred that the Montana Rapid Transit Company was not included in the proceedings for the taking of the tax deed. There is nothing to show that it was not given notice of the application for tax deed. Defendants did not call the county treasurer to the stand to inquire into the procedure followed upon the application for this tax deed. Their only inquiry was directed to the tax sale. Consequently the only conclusion that can be drawn from the evidence in this case, viewed in the light of authorities hereinbefore set forth, is that the defendants Neill and Fletcher have failed in their attack upon the tax deed upon which plaintiff's title to the disputed property is based.

The defendants' second contention that they received title to the disputed property through the chain of title to lots 15 and 16 is equally without merit. As was said before, when Central Addition No. 2 was platted only one person who signed the plat as a property owner, owned any part of lot 4 of Chessman and Davis Placer. He only owned an undivided one-third

interest and he later conveyed that portion to another party, but never as a portion of lots 15 and 16 of block 570. Filing a plat of property, which the signers of the plat never owned, has no validity in law. Nauerth v. Duke, 1899 Iowa, 79 N.W. 271. Since the signers of the plat to Central Addition No. 2 did not own title to lot 4, platting any portion of that lot and including it within the plat had no validity and did not affect that land.

The defendants trace their title to lots 15 and 16 of block 570 to the tax deeds of Lewis and Clark County obtained in the years 1925 and 1926. However an examination of the abstract to lot 4, Chessman and Davis Placer, does not bring to light any conveyance of those portions of lots 15 and 16 which extend into lot 4, to any persons who are included within the chain of title to lots 15 and 16. Therefore, when the county obtained title to lots 15 and 16 by tax deed it did not obtain title to any portion of lot 4 of the Chessman and Davis Placer in the proceedings against those specific lots. The taxes assessed against lots 15 and 16 were not assessed against those portions which were in lot 4 of the Chessman and Davis Placer because no conveyance of that portion had ever been made to the title holders of lots 15 and 16.

Defendants' last contention that they obtained title by adverse possession has no merit. Although they claim that they serviced and maintained certain signs and billboards on the property, it was shown upon the trial that their signs did not extend into plaintiff's property in lot 4. As has been continuously pointed out by this court, the possession which is required to establish adverse possession must be *actual*, visible, *exclusive*, hostile and continuous for the full period. Ferguson v. Standley, 89 Mont. 489, 499, 300 Pac. 245. Suffice it to say defendants never had any actual or exclusive possession of that portion of lots 15 and 16 which they contended extended into lot 4 of Chessman and Davis Placer.

Since this will dispose of the matter it is not necessary to dis-

cuss other contentions and arguments of the defendants. The judgment and decree of the trial court is affirmed.

MR. JUSTICES CASTLES, BOTTOMLY, and ANGSTMAN, concur.

MR. JUSTICE ADAIR, dissents.