[No. 11286.   Department-One. — May 20, 1886.]

JOHN W. PEARSON, APPELLANT, *v.* W. H. CREED ET AL., RESPONDENTS.

TAXATION — ASSESSMENT IN NAME OF DECEDENT. — An assessment of land in the name of a deceased person made prior to the amendment of March 22, 1880, to section 3628 of the Political Code, is void.

APPEAL from a judgment of the Superior Court of Fresno County.

The action was brought to quiet title to a tract of land in Fresno County. The plaintiff claimed title to the land by mesne conveyances from the heirs at law of C. E. Graxiola, at the time of his death the owner thereof. The defendants claimed title under a tax deed based upon the assessment mentioned in the opinion. The further facts are stated in the opinion of the court.

*Edward Lynch,* and *A. B. Hunt,* for Appellant.

*Bennett, Wigginton & Creed,* for Respondents.

McKINSTRY, J.—The defendants claim title through a sale for taxes. Section 3628 of the Political Code, as amended in 1880, provides that a mistake in the name or supposed name of the owner of real property shall not render an assessment invalid. The assessment here in question was made in the year 1880, and the court below found that C. E. Graxiola (the name in which the land was assessed) died in March, 1879. Counsel for respondents admit that, except for the amendment, the assessment to " C. E. Graxiola" would be void,— there being no such person then living. (*Hearst* v. *Eggleston,* 55 Cal. 366; *Crawford* v. *Schmidt,* 47 Cal. 617; *Kelsey* v. *Abbott,* 13 Cal. 617; *People* v. *Sneath,* 28 Cal. 615.)

The amendment of section 3628 took effect March 22, 1880. The defendants alleged in their cross-complaint, and the court found that the assessment was made " between the first Mondays of the months of March and July " of that year. It was for the defendants to establish affirmatively that a valid assessment was made, and from the record it does not appear but that the assessment under which they claim was made prior to the amendment of section 3628 of the Political Code.

*Lake County* v. *Sulphur Bank Co.,* 66 Cal. 17, was decided on facts occurring after the amendment became operative.

Judgment reversed and cause remanded.

Ross, J., and MYRICK, J., concurred.