(133 So. 36)
**AMERICAN–TRADERS' NAT. BANK et al. v.
HENDERSON.**
6 Div. 746.

Supreme Court of Alabama.
March 12, 1931.

Horace C. Wilkinson, of Birmingham, for
appellant.

W. A. Weaver and R. B. Evins, both of Birmingham, for appellees.

Subsequent to the decree overruling the demurrers of the defendant American-Traders' National Bank, that bank, in pursuance of the authority granted by the laws of the United States authorizing such consolidations, was consolidated with the First National Bank of Birmingham, and the latter was then appointed as the administrator de bonis non of the estate of said Bell, and sued out this appeal as authorized by the statute. Boshell v. Phillips, 207 Ala. 628, 93 So. 576; Petition of Worcester County Nat. Bank, 263 Mass. 444, 162 N. E. 217; Ex parte Worcester County Nat. Bank, Appt., 279 U. S. 347, 49 S. Ct. 368, 73 L. Ed. 733, 61 A. L. R. 987.

The other defendant, American Central Life Insurance Company, has not appeared or joined in the appeal of the bank as administrator de bonis non.

The bill as amended presents the case in three aspects. First, to reform an insurance policy on the life of the complainant's intestate, issued by the defendant American Central Life Insurance Company, in the sum of $10,000, in which A. W. Bell, employer, is named as the beneficiary. Second, to declare a constructive trust in the policy arising from the fraud of Bell practiced on Henderson, the complainant's intestate; and, third, to redeem the policy from a pledge made to secure an indebtedness due from Henderson to Bell, and for an accounting to ascertain the sum of the indebtedness secured by such pledge.

The demurrer, which was overruled, is not addressed to any aspect of the bill, but goes "to the bill of complaint as amended, and to each paragraph thereof, separately and severally," and under the rulings of this court is to the bill as a whole, and the demurrer was properly overruled, if the bill as amended in any of its aspects was not subject to the demurrer. Oden v. King et al., 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67.

The ground on which the complainant seeks relief is fraud and deceit on the part of Bell in misrepresenting to Henderson the contents of the application for the issuance of the policy at the time Henderson signed the application, the contention of complainant being that it was Henderson's purpose to apply for insurance on his life, payable to his (Henderson's) estate.

The bill, after showing by the averments of the second paragraph that a relation of trust and confidence in fact existed between Bell and Henderson, with Bell occupying the position of dominance, and that, prior to the occasion in question, Bell operated an insurance agency and acted for the defendant American Central Life Insurance Company in procuring from Henderson an application for life insurance, as a predicate for relief in this case, avers: "That on to-wit, January 21st, 1925,

**BROWN, J.**

This is a bill filed by Emma O. Henderson, as the administratrix of the estate of S. H. Henderson, deceased, against the American Central Life Insurance Company, and the American-Traders' National Bank, as the administrator of the estate of Alse W. Bell, deceased.

the said Bell approached said Henderson relative to taking out further insurance on Henderson's life, and presented to said Henderson an application for insurance with the American Central Life Insurance Company, which said application had been prepared by the said Bell, or under his directions, before being presented for the signature of the said Henderson; that said application was not prepared in the presence of the said Henderson, and that he did not read or hear the same read. That the said Henderson inquired of Bell if said application was such as to make the proceeds of the policy payable to his estate in the event of his death, and stated that he desired any contract of insurance taken out by him to be made payable to his estate. That thereupon the said Bell represented to the said Henderson, at the time he signed said application, that it was drawn in such form that the insurance contracted for would be issued payable to Henderson's estate, as Henderson had requested; that thereupon, the said Henderson relying on said representation, signed the said application, which was dated January 14, 1925, under which policy #132,787 was issued."

In the application, a copy of which was attached to and made a part of the bill, it is stated: "I wish policy payable at my death to A. W. Bell, related to me as employer." And it is further averred "that instead of said application directing that the policy be issued in the name and for the benefit of said Henderson's estate, that there was in said application a provision directing the policy to be issued naming said Alse W. Bell, employer, as beneficiary; that the said Henderson relied on the representation of the said Bell, as to said application, and that because of such misrepresentation, as aforesaid, Henderson was induced to sign the same."

It is further alleged that the policy was issued by the insurance company, delivered to Bell, and kept by him until the death of Henderson; that the respondent bank, as administrator of Bell, claims an interest in said policy of insurance, and the proceeds thereof, under and by virtue of a purported assignment by the said Henderson to said Bell during their lives, as collateral security for an indebtedness of $20,000; that Henderson was not so indebted to the said Bell, but, in the alternative, if he was, the claim of indebtedness is in excess of the true amount; that the matters pertaining to said indebtedness were matters within the knowledge of Bell and unknown to Henderson.

 These averments show fraud on the part of Bell in procuring the signature of Henderson by misrepresenting the contents of the application, and mistake of fact on the part of Henderson, that would entitle the complainant to maintain the bill to reform the contract, if it appeared that Bell was

acting as the agent of the insurance company in taking the application. But this does not appear, except by possible intendment. This is not sufficient on demurrer, where the averments of the bill must be considered most strongly against the pleader. Cudd v. Wood, 205 Ala. 682, 89 So. 52; 2 Cooley's Briefs on Ins. (2d Ed.) 1455; 23 R. C. L. 329, § 21; Sylvius v. Kosek, 117 Pa. 67, 11 A. 392, 2 Am. St. Rep. 645; Snell et al. v. Atlantic Fire & Marine Ins. Co., 98 U. S. 85, 25 L. Ed. 52; Phoenix Insurance Co. v. State, 76 Ark. 180, 88 S. W. 917, 6 Ann. Cas. 440.

The averments of the bill are sufficient to rebut the imputation of negligence on the part of Henderson, by showing that his signature was obtained to the application by misrepresentations as to its contents. Beck & Pauli Lithographing Co. v. Houppert & Worcester, 104 Ala. 503, 16 So. 522, 53 Am. St. Rep. 77; Burch v. Driver, 205 Ala. 659, 88 So. 902; Gralapp v. Hill, 205 Ala. 569, 88 So. 665.

 The statute, Code 1923, § 6825, which seems to have been borrowed from the state of California, is merely declaratory of the established principles applicable to the reformation of instruments, and does not, as appellants contend, authorize relief on mistake on the part of one party to the contract in the absence of fraud or inequitable conduct on the part of the other party thereto. Its provisions are: "When, through fraud, or a mutual mistake of the parties, or a mistake of one party, *which the other at the time knew or suspected*, a written contract does not truly express the *intention of the parties*, it may be revised by a court of equity on the application of the party aggrieved, so as to express that intention, so far as it can be done without prejudice to the rights acquired by third persons, in good faith and for value." (Italics supplied.)

 It has long been recognized that the "Suppression of truth may amount to a suggestion of falsehood; and if with the intent to deceive either party to a contract conceals or suppresses a material fact which good faith requires him to disclose, this is equivalent to false representation." 23 R. C. L. 330, §§ 21, 22; Farrar v. Churchill, 135 U. S. 609, 10 S. Ct. 771, 34 L. Ed. 246; Griswold v. Hazard, 141 U. S. 260, 11 S. Ct. 972, 999, 35 L. Ed. 678.

The case of Capelli v. Dondero, 123 Cal. 324, 330, 55 P. 1057, 1059, cited by appellee, merely holds: "It was not error to admit oral evidence as to the mistake, and as to how it arose (Isenhoot v. Chamberlain, 59 Cal. 630); and it is not necessary that the mistake should have been mutual (Civ. Code, § 3399; Moore v. Copp, 119 Cal. 429, 51 P. 630)."

The case of Moore v. Copp, supra, was an action to quiet title, and for rescission of a

contract, and the holding was: "It is not necessary that a mistake of fact should be mutual. * * * Nor is it true, as is contended, that a contract cannot be set aside for the mistake of one of the parties unless the contract was induced and *the mistake arose from the fraud of the other party.*" (Italics supplied.)

But that is not to say that, to justify reformation of a contract, the mistake must be mutual, or there must be fraud or *inequitable conduct* of the other party, resulting from concealing facts which the circumstances and situation of the parties made it his duty to disclose. To hold that a contract can be reformed because of the mistake of the complaining party, only, and without fraud or inequitable conduct on the part of the other party, would authorize the court to make a contract for the parties, which they did not mutually agree to make for themselves.

Nor are we in agreement with the contention of appellee that American Central Life Insurance Company is a mere nominal party, so as to bring the case within the principles announced in Murray v. Sells, 53 Ga. 271, and Ward v. Waterman, 85 Cal. 488, 24 P. 930.

The facts alleged, however, are sufficient to sustain the equity of the bill to establish a constructive trust in the policy and its proceeds in favor of the estate of Henderson, and to charge Bell's personal representative as a trustee ex maleficio.

It is well settled that: "Whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentation, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious [unconscionable] for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property in the hands of the original wrongdoer, or in the hands of a subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved of the trust." Kent v. Dean, 128 Ala. 600, 30 So. 543, 546; Smith v. Smith, 153 Ala. 504, 45 So. 168; Edmondson et al. v. Jones, 204 Ala. 133, 85 So. 799; 2 Pom. Eq. Jur. (4th Ed.) 2404, § 1053.

It is also well settled that a pledgor may invoke the aid of a court of equity to redeem the property pledged, and have an accounting as an incident to his right to re-

deem. The principles applicable are fully stated in Keeble v. Jones, 187 Ala. 207, 65 So. 384. The principles stated in the last-cited case are not in conflict with Cleveland Storage Co. v. Guardian Trust Co. (Ala. Sup.) 131 So. 634,[1] where the bill was filed by the pledgee for discovery and accounting independent of any other equitable right.

We are not of opinion that a suit of this character is within the influence of section 6042 of the Code, which prohibits suits against an executor or administrator for six months after his appointment, but, if this should be conceded, it does not appear on the face of the bill that this suit was prematurely brought, and the question cannot be raised by demurrer.

The decree of the circuit court overruling the demurrer appears to be free from error, and will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.