12 So.2d 547

### BAKER v. FARISH, Superintendent of Banks.

### 8 Div. 200.

Supreme Court of Alabama.
March 18, 1943.

Norman W. Harris, of Decatur, for appellee.

Carmichael & Polk, of Sheffield, for appellant.

**LIVINGSTON, Justice.**

The appeal is from a decree of the Circuit Court of Colbert County, Alabama, in Equity, overruling demurrers to the bill of complaint of Addie Lee Farish, as Superintendent of Banks of the State of Alabama, liquidating the Tennessee Valley Bank, in liquidation. The suit is against Nell Baker, respondent in the court below, appellant here.

The bill, filed in a double aspect, seeks to redeem certain lands that were sold at tax sale. Appellee concedes the aspect of the bill seeking redemption on the theory that appellee claimed under a recorded mortgage, and therefore had the right to redeem because no notice of the tax sale had been served on the mortgagee (section 303, Title 51, Code of 1940), is subject to demurrer. Therefore, we will not consider that aspect of the bill.

The demurrers were directed to the bill of complaint as a whole, and were properly overruled if the bill in any of its aspects was not subject to the demurrer. Oden v. King et al., 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; American-Traders' National Bank v. Henderson, 222 Ala. 426, 133 So. 36.

Therefore, the aspect of the bill, other than that concededly bad, will be considered.

In the aspect considered, the bill alleges, in substance, that complainant in the court below, appellee here, is the owner of the lands described in the bill, and sets forth the manner or method by which appellee acquired title thereto, but the time of such acquisition is not stated; that said lands were sold on June 29, 1936, by the tax collector of Colbert County for non-payment of state and county ad valorem taxes assessed for the year beginning October 1, 1934, and ending September 30, 1935, in the name of Lake Wilson Park Addition Syndicate, by Howard E. Fowler, trustee; that said lands were purchased by the State of Alabama at said tax sale; that on, to-wit, February 14, 1941, John C. Curry, State Land Commissioner, conveyed to appellant a part of the lands described in the bill for a consideration of $392.00; and, on, to-wit, June 23, 1941, the said John C. Curry, State Land Commissioner, conveyed the balance of the lands described in the bill to appellant for a consideration of $16. The bill further alleges that the tax sale of June 29, 1936, was void for the following reasons: That the property was assessed in the name of "Lake Wilson Park Addition Syndicate, by Howard E. Fowler, trustee," and there was no entity or person of that name, at the time of said assessment, who or which owned said property or any interest therein; that the tax collector in his report to the probate judge of Colbert County, Alabama, of his inability to collect the taxes assessed against said property, without a sale of the same, did not anywhere in said report or in connection therewith in the delinquent tax list required by section 215 of the General Revenue Act of 1935, Code 1940, Tit. 51, § 250, specify the amount of the taxes due the State and the amount of the taxes due the county and to any special tax district.

The bill further alleges that during the first week of August, 1941, appellee, by and through her duly authorized agent, advised appellant that she was the owner of the property described in the bill, and that she desired to redeem the same from said tax sale, and offered to pay to appellant whatever amount was necessary and proper for her to pay in order to redeem the same; but appellant refused to allow appellee to redeem said property, and refused to give her any statement of the amount required to redeem. Appellee tendered into court for the use of appellant the sum of $432.-08, the amount paid by appellant to the State of Alabama, for the conveyance to her from the State Land Commissioner, together with interest on said amounts to the date of the filing of the bill, and also tendered into court $20.37, the amount of taxes due on October 1, 1942. And appellee offers to do equity.

The bill prays that the court will adjudge and decree that said tax sale was void, and that appellee has the right to redeem said property from appellant, and will ascertain and declare the amount necessary to redeem, and that upon payment of the same, and performing such conditions as the court may fix, that the court effectuate appellee's redemption of said property, and divest out of appellant all of her right, title and interest in and to said property, and vest the same in appellee, and for general relief.

██ Taking the averments of the bill as true, as we must on demurrer, the tax sale of June 29, 1936, was and is void. Jackson v. King, 82 Ala. 432, 3 So. 232; Scott v. Brown, 106 Ala. 604, 17 So. 731; Singleton v. Doe ex dem. Smith, 184 Ala. 199, 63 So. 949; Lewis v. Burch, 215 Ala. 20, 108 So. 854; General Acts 1935, p. 256, section 215, Section 250, Title 51, Code of 1940; Laney v. Proctor, 236 Ala. 318, 182 So. 37.

█ All that appellant acquired from the State Land Commissioner is a right to be reimbursed by one who has a right to redeem from such sale, for such amounts as the law allows under section 283, Title 51, Code of 1940. Hester v. First National Bank, 237 Ala. 307, 186 So. 717; Messer v. City of Birmingham, 243 Ala. 520, 10 So. 2d 760.

█ The bill does not allege when appellee acquired title to the lands involved, nor does it allege who was in possession thereof at the time this action was commenced. But neither fact is material in this cause. The bill is not a bill to quiet title under the statute, nor is it a bill to remove a cloud from title. It is simply a bill to ascertain the amount secured by a lien created under and by virtue of the provisions of section 283, Title 51, Code of 1940, and to pay such amount and discharge the lien, where the holder of the lien refused to divulge the amount secured and accept its payment. It is a bill to redeem from a void tax sale. The statutory method is not exclusive. Bains Bros. Investment Co. v. Walthall, 180 Ala. 45, 60 So. 142. Equity has jurisdiction.

█ As stated above, the question as to who was in possession at the time the suit was commenced is immaterial. If complainant, the owner, was in possession, clearly the bill is proper for the purpose of ascertaining the amount secured by the lien created by section 283, supra, and to have the same discharged. If respondent was in possession, an action of ejectment, or in the nature of ejectment, might or might not afford complete relief, dependent upon the invocation by respondent of the rights conferred by section 290, Title 51, Code of 1940. If such rights are not invoked, the lands would still be subject to the lien although complainant recovered possession. A remedy at law is not adequate and complete where its adequacy and completeness depend upon the will of the opposing party. Harden v. Barbaree, 240 Ala. 458, 199 So. 689; 21 Corpus Juris p. 50, § 27; 30 C.J. S., Equity, § 25.

The demurrers to the bill were properly overruled.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.