22 So.2d 94

**HARRELL v. VIEG et al.**

1 Div. 233.

Supreme Court of Alabama.

May 10, 1945.

Beebe & Hall, of Bay Minette, for appellant.

J. B. Blackburn, of Bay Minette, for appellees.

LIVINGSTON, Justice.

The appeal is from a decree of the Circuit Court of Baldwin County, Alabama, in equity, overruling demurrers to an amended bill of complaint seeking to redeem certain described lands from an alleged void tax sale.

In substance, the bill alleges that complainants are the owners of the lands described in the bill; that the respondent is in possession of said lands claiming to own the same by virtue of a sale to the State of Alabama for the payment of ad valorem taxes, and a deed to respondent from the State Land Commissioner of Alabama; that said tax sale was and is void. Complainants offer to do equity and to pay all taxes, fees and costs necessary to redeem the lands from said tax sale.

All of the questions here presented were decided contrary to the insistence of appellant in the recent case of Baker v. Farish, 244 Ala. 178, 12 So.2d 547.

Taking the averments of the bill as true, as we must do on demurrer, the tax sale was and is void. Baker v. Farish, supra; section 250, Title 51, Code of 1940.

All that appellant acquired from the State Land Commissioner is a right to be reimbursed by one who has a right to redeem from such sale, for such amounts as the law allows under section 283, Title 51, Code of 1940. Hester v. First National Bank, 237 Ala. 307, 186 So. 717; Messer v. City of Birmingham, 243 Ala. 520, 10 So. 2d 760; Baker v. Farish, supra.

The present amended bill is not a bill to quiet title under the statute, nor is it a bill to remove a cloud from title. It is simply a bill to ascertain the amount secured by a lien created under and by virtue of the provisions of section 283, Title 51, Code of 1940, and to pay such amount and discharge the lien. Baker v. Farish, supra.

Under the bill as amended, possession of the premises at the time suit was commenced is immaterial. As stated in Baker v. Farish, supra [244 Ala. 178, 12 So.2d 549]:

"If complainant, the owner, was in possession, clearly the bill is proper for the purpose of ascertaining the amount secured by the lien created by section 283, supra, and to have the same discharged. If respondent was in possession, an action of ejectment, or in the nature of ejectment, might or might not afford complete relief, dependent upon the invocation by respondent of the rights conferred by section 290, Title 51, Code of 1940. If such rights are not invoked, the lands would still be subject to the lien although complainant recovered possession. A remedy at law is not adequate and complete where its adequacy and completeness depend upon the will of the opposing party. Harden v. Barbaree, 240 Ala. 458, 199 So. 689; 21 Corpus Juris p. 50 [Equity] § 27; 30 C.J.S., Equity § 25 [p. 347.]"

The bill as amended was not subject to any ground of demurrer interposed. The cause is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.