60 So.2d 611

## GUNTER v. SMITH.

6 Div. 407.

Supreme Court of Alabama.

Aug. 27, 1952.

Petition for Rehearing Withdrawn
Oct. 9, 1952.

Phil Joiner, Birmingham, for appellant.

S. P. Keith, Jr., Birmingham, for appellee.

FOSTER, Justice.

This is an appeal from the final decree of the circuit court, in equity, in which complainant was denied relief on a statutory bill in personam to quiet the title to vacant lots. The sufficiency of the bill on demurrer is not here involved. The final decree was on pleadings and proof taken by deposition.

The substituted bill, on which the case was tried, is primarily based upon section 1109, Title 7, Code, but seeks additional relief. Proceeding further, it alleges that respondent has no right, title, interest, lien or encumbrance upon said property. In paragraph 7 it alleges that respondent paid the city of Birmingham $1,056.83, which the city claimed against said property for improvements; that said payment was made over the protest of complainant. That respondent had no right to do so, but that complainant had such right and had assumed it, and agreed with the city to pay it, and is ready, willing and able to pay said amount and offered or tendered "to so pay same to the said city of Birmingham, but an employee of said city, in confusion, and acting on the insistence of respondent, that he, the respondent, (and not the complainant), be allowed to pay the said sum of money to said city, did so allow the respondent to so pay, over the protest then and there made by the complainant to said city employee; and complainant alleges also that he, while so offering or tendering to pay said amount of money to said city of Birmingham, as aforesaid, was, among other things, the owner of the State tax title covering the above described real estate, which he had purchased at the instance and request of the city of Birmingham as a prerequisite, so stipulated by said city, to the complainant's right to pay the said amount of money to said city of Birmingham and obtaining therefor from said municipality a quitclaim deed to be executed to complainant as grantee, covering the subject of all claims of said city of Birmingham as to all assessments and improvements affecting the said property."

Without quoting further from the extensive allegations of paragraphs 7 and 8, they undertook to set up the acquisition of a tax title from the State resulting from a sale for the payment of State and county taxes. Complainant bought from one Hand who had purchased from the State. It set up the fact of the city's improvement lien on the property and his agreement with the city to purchase the land from it, but that the city had required him to purchase the State's tax right as a prerequisite, and put him in possession; and that while he was in possession, and after this suit had been filed, a quitclaim deed was delivered to respondent by the city conveying said property. That said transaction was subject to complainant's right to acquire said property from the city. That complainant offers to reimburse respondent and to do equity. Paragraph 8 sets up further details enlarging on paragraph 7, supra.

The prayer on final hearing was for a decree that respondent has no right, title, interest in, lien or encumbrance upon said property, and that said quitclaim deed from the city to respondent be decreed to be a cloud on his title upon the payment to respondent of said amount paid by him to the city.

There was no formal answer to the substituted bill, but the answer to the original bill was refiled as an answer to the substituted bill. So far as here material, the

answer sets up as the claim of title made by him, his purchase by quitclaim deed from the city, dated June 5, 1951 (before this suit was begun), also that, on May 30, 1951, he paid into the probate court $35.34 for a redemption of said property. The deed to Hand by the State Land Commissioner was dated November 5, 1947, and the deed by Hand to complainant May 29, 1951. The tax sale to the State was on October 17, 1932.

There was a written stipulation of the parties that all proceedings leading up to the improvement assessment and foreclosure sale to the city of Birmingham were regular, valid and in conformity to law, see, section 558, Title 37, Code, and that respondent claims no interest in the property except by virtue of the deed dated November 5, 1951, from the city of Birmingham. Said foreclosure sale was dated February 16, 1934.

■ There is no contention that the tax sale under which complainant claims from the State was had and done according to the requirements of law so as to convey the title. But complainant claims that he thereby acquired the State's tax lien which gave him a preferred right to redeem ·or purchase the property from the city, acquired by it from a sale in foreclosure of an improvement lien. Complainant also claims under a stipulated right acquired from the city. For many reasons he is not entitled to relief under said alleged agreement. It may be observed that no legal commitments were made on behalf of the city. The conversations were merely courtesy transactions, so-called by complainant, not purporting to bind the city, and not by officers authorized by law to bind the city. They were verbal and void as a contract under the statute of frauds. No legal rights were acquired by complainant under those conversations.

■ The interest which complainant has by virtue of his purchase of the State's right is a lien on the property as security for the repayment to him of the amount specified in sections 283 and 318, Title 51,

Code. Harrell v. Vieg, 246 Ala. 669, 22 So. 2d 94; Baker v. Farish, 244 Ala. 178, 12 So.2d 547.

■ The State's lien is contained in section 884, Title 51, Code, and is superior to all other liens. Section 538, Title 37, Code. But it is effective only to secure payment of tax charges. The prescribed period for the statutory right of redemption from the city on account of said foreclosure sale had expired long before either of the parties became interested as here shown. That right was conferred and limited to two years by section 2221 of the Code of 1923, section 562, Title 37, Code of 1940, and specifies the parties to whom the right is given. Messer v. City of Birmingham, 243 Ala. 520, 10 So.2d 760.

The question resolves itself into the inquiry of whether the State or its assignee, holding only a lien to secure the payment of the tax charges when there has been no valid sale made to satisfy them, has the right after (or even before) the redemptive period terminates to redeem the property from a valid sale by the city to satisfy its improvement lien, which, as we have said, is subordinate to the tax lien. Section 884, Title 51, Code; section 538, Title 37, Code.

■■ Section 562, Title 37, Code, designates those who may redeem from an improvement assessment foreclosure sale. This includes the former owner, who was this defendant, and his assignee. Complainant claims to be his assignee by virtue of his purchase of the State's title under a tax sale made on an assessment to defendant. It was held in the Messer case, supra, that when a purchaser from the State holds under a tax sale which is invalid, he is not one entitled to redeem under section 562. He does not thereby become an assignee of the former owner. The defendant, as such former owner, had that right before the time expired. He purchased from the city after it expired. It was therefore not an exercise of that right.

■ Section 543, Title 37, Code, confers no such right. It deals with a valid sale for the collection of State and county taxes.

The status of a purchaser as to an unforeclosed improvement lien is explained in Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34. In that case the State bought at a valid sale and sold to complainant. Complainant filed a statutory bill to quiet title against the city which was claiming a lien for improvements then not foreclosed. The city filed a cross-bill seeking to redeem from complainant. This Court, after much labor, sustained that right. It was also held that the purchaser from the State stepped into the shoes of the owner, with the right of possession and to pay off the assessment lien (unforeclosed) at his election.

In Throckmorton v. City of Tuscumbia, 247 Ala. 203, 23 So.2d 550, there had been a foreclosure sale of the improvement lien. The complainant purchased a good title from the State before the redemptive period expired, but did not seek to redeem from the city until long after two years had expired. The right to redeem was by virtue of what is now section 562, Title 37, Code. It was not exercised in the prescribed period and was lost.

A kindred principle is noted in respect to a mortgage where there is a junior encumbrance. A senior mortgagee is not affected by the existence of a junior lien, and is not entitled to redeem land from it, "unless he has become the owner of the equity of redemption by purchase at his own sale" in foreclosure of his prior lien. 59 C.J.S., Mortgages, § 834, page 1590(f); 42 Corpus Juris 373, section 2128. By his purchase at his own foreclosure sale he comes into the right of the mortgagor, who could himself redeem from the second encumbrance before foreclosure of it or within the statutory period of redemption after foreclosure. But before his first mortgage or lien is foreclosed and purchased by him, he is only a lienholder in equity, and as such has no right to redeem from an inferior lienholder. Such is the effect of that status declared in the Downing and Throckmorton cases, supra.

Here the statutory period in which to redeem from the improvement assessment sale had long since terminated when complainant and his grantor acquired the State's interest. Probably had the tax sale been valid and the State had acquired the title of the taxpayer by it, the period for redemption would not have begun until the State sold it, like the three year statute of limitations. Evers v. Matthews, 192 Ala. 181, 68 So. 182.

We find no reversible error in the decree of the court denying complainant the relief which he seeks and, in the absence of any effort on his part to enforce a right of reimbursement, the only appropriate course for us to pursue is an affirmance of the decree.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.