78 So.2d 800

### Lee L. PHILLIPS et al.

v.

### Cubie HINKLE.

6 Div. 751.

Supreme Court of Alabama.

March 10, 1955.

Morton & Hesse and Taylor, Higgins, Windham & Perdue, Birmingham, for appellants.

Maurice F. Bishop, Birmingham, for appellee.

STAKELY, Justice.

This case involves the Unit System Act which appears as Chapter 8, Title 51, Code of 1940, as amended. The propositions which will be discussed result from an appeal from a decree of the circuit court of the Tenth Judicial Circuit, in Equity, sustaining the demurrer of Cubie Hinkle (appellee) to the bill of complaint filed by Lee L. Phillips and Clyde D. Posey (appellants).

The bill of complaint is for the purpose of redeeming certain real estate in Jefferson County from a tax sale. The allegations of the bill show that Lee L. Phillips is the owner of the following described real estate, "Lot 7 in Block 1 according to the map and plan of survey of the property of the Pleasant Valley Land & Manufacturing Company known as 'Central Tract' and recorded in the Probate Office of Jefferson County in Map Book 3, page 10," subject to a mortgage heretofore executed by him to Clyde E. Posey, that Cubie Hinkle is in possession of the land and has had possession of the real estate since to wit the 17th day of January, 1951, claiming to own the same under a certain tax deed hereinafter referred to, that on to wit June 13, 1947, the Tax Collector of Jefferson County, Alabama, caused the land to be sold at a purported tax sale for taxes for the tax year 1946, that at the said tax sale the State of Alabama became the purchaser thereof for the sum of $13.02, that on the 17th day of January 1951 Cubie Hinkle acquired by tax deed from the State of Alabama such title, claim and interest or lien in and to the land, as acquired by the State of Alabama by virtue of the purported tax sale, for the sum of $78, said sum of money being the amount of money for which the land was sold to the State of Alabama for taxes together with the amount of all taxes assessed against the land subsequent to the aforesaid tax sale, including taxes for the tax year 1951, and

all of the lawful charges which accrued against the land by reason of the purported tax sale, that Lee L. Phillips was the owner of record of the aforesaid land on the date of the purported tax sale and has been such owner of record of said land for more than 12 months next before the purported tax sale.

It is further alleged that the land was assessed for taxes for the tax year 1946, the tax year for which the land was sold to the State of Alabama as aforesaid on June 13, 1947, in the name of one Georgia Williams, the former owner of the land who died during to wit the month of October 1944, that the said land was described on the assessment records of the Tax Assessor of Jefferson County, Alabama, as follows: "Lot 7, Block 1, Central Tract." It is further alleged that notice of unpaid taxes against the aforesaid land for the tax year 1946 was not given to the complainant, Lee L. Phillips, as required by law, but to the contrary notice of unpaid taxes on said land for the aforesaid tax year was given or sought to be given to Georgia Williams, who was then deceased, and that the aforesaid assessment and sale based thereon was void, that the aforesaid description of said land as contained in the assessment records for the tax year 1946 was not sufficiently accurate to identify the land.

It is further alleged that the aforesaid tax deed under which Cubie Hinkle claims said land is void in that the tax sale of said land was based on an assessment made by the tax assessor to Georgia Williams for the tax year beginning October 1, 1945, and ending September 30, 1946, in that Georgia Williams was dead when the assessment was made, her death having occurred during the month of October 1944.

It is further alleged that prior to the date of filing of this bill of complaint Lee L. Phillips, the complainant, offered to redeem the land from the said purported tax sale by tendering and offering to pay to Cubie Hinkle the sum of $125.00, the amount which complainant is informed and believes is the amount for which said land was sold for taxes together with the amount of all

taxes assessed against said land subsequent to the sale with interest and all other charges which have accrued against the land by virtue of the purported tax sale, that Lee L. Phillips was then and there ready, willing and able to pay and did offer to pay to Cubie Hinkle said sum or any additional sum of money lawfully due Cubie Hinkle in order to redeem the land from the tax sale, all of which Cubie Hinkle did then and there refuse to accept and did deny and refuse to Lee L. Phillips the right to redeem the land from the aforesaid void tax sale, that Cubie Hinkle did then and there waive any further tender of any sum of money to redeem the said land from the purported tax sale.

It is further alleged that Lee L. Phillips desires to do equity in the premises and does herewith tender and pay into court for the use and benefit of Cubie Hinkle the sum of $125.00 in order to redeem the land and does hereby offer to do equity in the premises by offering to pay any additional sum of money to which Cubie Hinkle may be lawfully entitled in order to effect redemption of the land from the aforesaid void tax sale.

Summarizing the allegations of the bill it appears that the purported tax title of Cubie Hinkle is alleged to be void because: (1) The land in question was assessed for the tax year 1946 in the name of Georgia Williams, a former owner of the land, who is alleged to have died in October 1944. (2) The assessment roll did not describe the land sought to be assessed and sold with sufficient accuracy to identify the land assessed and sold, and (3) A tax deed based upon notice directed to a deceased owner is a nullity.

The demurrer raises propositions which may be summarized as follows: (1) Does the failure of the Tax Assessor of Jefferson County to assess the property against the true owner, who has not assessed the same in his name, render the tax sale based thereon invalid under the provisions of § 80, Title 51, Code of 1940, as amended, Pocket Part, which specifically provides that: "The failure of said assessor to assess said property against the true owner

of said property shall not invalidate said assessment"? (2) Is the property sufficiently described where the correct lot, block, tract and unit number is given? (3) Is § 85, Title 51, Code of 1940, unconstitutional as violative of the due process clauses of the State and Federal Constitutions? Const.Ala.1901, § 13; Const.U.S. Amend. 14.

I. Decision in this case will be simplified if at the outset it is kept clearly in mind that we are not dealing with the general assessment statutes as found in § 31 et seq., Title 51, Code of 1940. On the contrary we are concerned in this litigation with the unit system of assessment which is applicable to Jefferson County as set forth in § 78 et seq., Title 51, Code of 1940, as amended. Under the unit system each parcel of land is given a separate unit number which serves to identify and control throughout the assessment and collection and if necessary the sale of delinquent property. Section 78, Title 51, Code of 1940, specifically provides that "The purpose of this chapter is to provide for a more convenient, economical and uniform system of assessing and collecting taxes on real estate by authorizing the tax assessing authorities * * *, to assess each lot or parcel of land separately to the owner last assessing said property or to the owner of record and annually thereafter under a unit system of assessment of real property, by assessing each lot or parcel of land, together with the improvements thereon, separately, and determining the value and the amount of taxes on each separate item of property so assessed."

There is no doubt that a bill in equity will lie to redeem from a tax lien where the tax sale is void. Baker v. Farish, 244 Ala. 178, 12 So.2d 547; Harrell v. Vieg, 246 Ala. 669, 22 So.2d 94; Section 283, Title 51, Code of 1940. It is further well understood that the constitutional requirements of the statute providing for a sale for delinquent taxes must be complied with in order effectively to pass title to such property. Furthermore in construing the general assessment statutes to which we have referred, this court has uniformly held that a tax deed based upon an assessment of land to a deceased former owner of such land is void and no title, claim or interest other than the statutory lien for taxes on such land passes under such tax deed. Hames v. Irwin, 253 Ala. 458, 45 So.2d 281.

In the instant case, however, we appear to have a case of original impression in Alabama. There is no Alabama authority, so far as we are aware, that deals with the specific curative provisions of the unit system act. In § 80, Title 51, Code of 1940, Pocket Part, the tax assessor has the right and authority beginning on October 1st of any taxable year and annually thereafter to make a separate assessment of each lot or parcel of land, together with the improvements thereon, assessing the same to the party last assessing said property, as shown by the tax assessor's records in said county or to the owner of record. It is expressly provided in the statute that "The failure of said assessor to assess said property against the true owner of said property shall not invalidate said assessment.'"

In the case of Pottock v. Mellott, 2 Terry, Del., 361, 22 A.2d 843, in regard to a similar statute, it is shown that the name of the party last assessing the same or the owner of record is only incidental in identification of the property.

In the instant case the real estate was assessed to a deceased former owner. In the case of Sutter v. Scudder, 110 Mont. 390, 103 P.2d 303, 305, the Montana Court had occasion to pass upon the validity of a tax sale and deed where the same attack was made on the validity thereof as here urged by the appellants. It will be recalled that in the instant case the assessment was made in the name of one Georgia Williams, the former owner of the land who died in 1944, the tax year for which the land was sold being 1946.

In the Montana Case to which we have referred the plaintiff brought an action to quiet title to property he had purchased from the county which bought the property in on tax sale. The property had been owned by one McFatrick, who died in 1914.

The property was sold in 1922 for the 1921 taxes. The tax sale in that case under the unit system was attacked on the same ground as here argued, namely, that a tax deed based on an assessment to a decedent is void and that the evidence in this regard goes to the jurisdiction. The Supreme Court of Montana rejected this contention saying:

"A mistake in the name of the owner or supposed owner does not affect the validity of the assessment. * * * We hold that proceedings for the enforcement of a tax obligation when proceedings are against the property, as here, * * * are *in rem* * * *. Proceedings to effect collection of taxes on real property by foreclosure of the tax lien are *in rem* and not *in personam*."

There is a fundamental difference between the general taxing statutes set forth in § 31 et seq., Title 51, Code of 1940, and the unit system of assessment statutes set forth in § 78 et seq., Title 51, Code of 1940. Under the general taxing statutes taxes assessed against property are regarded not only as a lien in rem, but also as a personal debt due from the owner and collectible by personal action. Perry County v. Selma M. & M. R. Co., 58 Ala. 546; Bains Bros. Inv. Co. v. Purdie, 180 Ala. 333, 60 So. 920; State v. Alabama Educational Foundation, 231 Ala. 11, 163 So. 527; Henderson v. Simmons, 234 Ala. 329, 174 So. 491. Under the unit system of assessment statutes as set forth in § 78 et seq., Title 51, where the assessment is made by the taxing authorities, the assessment and levy of taxes against the land is a proceeding only in rem. We are not aware of any reason why the legislature may not authorize the in rem procedure.

In Landregan v. Peppin, 86 Cal. 122, 24 P. 859, the Supreme Court of California had occasion to construe and apply § 3628 of the Political Code of California, which provides in language almost identical with the aforesaid Alabama statute that, " 'no mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid.' "

The land involved in the California case had been assessed in the name of William Minto & Company. The plaintiff claimed title through conveyances. The taxes became delinquent and the property was sold to satisfy the same. The defendant claimed through purchase at the tax sale, which the plaintiff urged was invalid because the assessment was made in the name of William Minto & Company but was owned by another party under which the plaintiff claimed title. The California Court held that the assessment was binding upon the property and said: "The decisions which [plaintiff] cites in support of his position were made prior to the amendment * * *." Since that amendment the appellate court has held that no mistake in the name of the "owner of real property shall render the assessment thereof invalid."

The exact question which is here involved was before the Supreme Court of California in Pearson v. Creed, 69 Cal. 538, 11 P. 56, where the assessment was made against a party then deceased. The court held that under the provisions of the California statute above quoted, such a mistake would not render the assessment invalid. In Jones v. Box Elder Co., 10 Cir., 52 F.2d 340, 342, the assessment of ad valorem taxes was attacked on the ground "that they were not assessed to the owners." The court rejected the contention, referring to the statute which provided that, " 'No mistake in the name of the owner or supposed owner of property renders the assessment thereof invalid.' "

II. It is next insisted that the assessment did not describe the land with sufficient accuracy and that, therefore, the assessment and the tax sale thereunder is void. It should be understood again that the assessment in Jefferson County is against the land by unit number and nowhere in the bill of complaint is it alleged that the unit number was not accurately set out. The bill alleges that the property was described in the assessment as "Lot 7, Block 1, Central Tract" and it affirmatively appears

from the bill of complaint that this tract was properly recorded in the probate office of Jefferson County, Alabama. It is urged by the appellant that the correct description of the property is "Lot 7 in Block 1 according to the map and plan of survey of the property of Pleasant Valley Land & Mfg. Company, known as Central Tract." So it appears that the assessment contained the correct lot number, the correct block number and the correct tract or survey.

In determining the sufficiency of a description of land for tax purposes by reference to a map or plat the cases hold that the description must be such as to enable the identification of the property by prospective purchasers. Napier v. Runkel, 9 Wash.2d 246, 114 P.2d 534, 137 A.L.R. 184; Driggers v. Cassady, 71 Ala. 529; Ontario Land Co. v. Yordy, 44 Wash. 239, 87 P. 257, affirmed by Supreme Court of the United States in 212 U.S. 152, 29 S.Ct. 278, 53 L.Ed. 449. We consider the description in the present tax assessment and tax deed to be adequate.

■ III. It is lastly argued that the unit system act is violative of the due process clause of the constitution. Attack is especially made on § 85, Title 51, Code of 1940, which is as follows:

"After the first day of January, the tax collector shall mail a statement to all delinquents addressed to the party in whose name said property was assessed, showing a description of the property, and the amount of taxes, fees and costs due thereon. It shall be the duty of such party to pay the taxes and fees assessed and charged against said property. But the failure to comply with the requirements of this section, or the failure to receive said statement shall not invalidate a sale of said property for taxes, nor invalidate the title of any property sold for taxes."

In Dearborn v. Johnson, 234 Ala. 84, 173 So. 864, 867, among other things, this court said:

"Nor do we think the invalidity of this act is to be rested upon the theory of a denial of due process of law. Our cases recognize, in line with the authorities generally, that the due process clause of the Constitution (section 6) is applicable to tax proceedings, and it was so declared by this court in State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913; State Tax Commission v. Tennessee Coal, Iron & R. Co., 206 Ala. 355, 89 So. 179. It only remains to ascertain what is necessary to meet the requirements of due process. * * *

"The taxpayer is presumed to know the law, and, therefore, to fully understand that his property is subject to assessment for taxation when the tax is due, and when delinquent. Under like presumption, he knows that the valuation is to be fixed by the board of review, and that in the absence of notice, the assessment of the preceding year remains unchanged, but if the valuation is increased, notice is to issue. Full opportunity is given to protest before the board. The time and place of meeting is fixed by the law, with full right to appeal to the courts if dissatisfied with the result. Without regard, therefore, to any other notice stipulated in the act, we are clear to the conclusion that this suffices to meet all requirements of due process of law, and that this objection is not well taken."

See Pottock v. Mellott, 22 A.2d 843, supra.

We feel that the foregoing effectively shows that the Alabama Unit System Act is not violative of the due process clauses of the Alabama State Constitution or the Federal Constitution.

It results from the foregoing that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.