100 So.2d 747

Chester A. CLARK

v.

A. B. CASE et al.

I Div. 717.

Supreme Court of Alabama.

Oct. 24, 1957.

Rehearing Denied March 6, 1958.

Bart B. Chamberlain, Jr., Mobile, for appellant.

**230**

Jere Austill, Jr., Mobile, for appellees.

PER CURIAM.

This is an appeal taken to this Court by one of the cross complainants in a cross bill filed by appellant Chester A. Clark and by Ellen Florence O'Brien, Mary O'Brien Christian and Patrick William O'Brien. All of them were respondents in a bill of complaint filed by A. B. Case, which was amended in respects which are not here material. One W. M. Wright was made a party respondent to the cross bill. The court sustained a demurrer by Case and Wright to the cross bill. That means to the bill as a whole.

The appeal is by Chester A. Clark alone. The only assignment of error is by him and relates to the decree sustaining the demurrer to the cross bill.

The original bill by A. B. Case sought by statutory proceeding in rem to quiet the title to an undivided one-half leasehold interest in the oil, gas and minerals in the land in controversy (section 1116 et seq., Title 7, Code 1940), and by amendment in the alternative to do so by proceedings in personam. Section 1109 et seq., Title 7, Code 1940. The court sustained a demurrer to that aspect which sought a decree in rem quieting the title (paragraph 3 as amended), and overruled the demurrer to that as-pect which sought a decree in personam (paragraph 7) quieting the title as to certain named parties respondent which included Chester A. Clark and the three O'Briens. No appeal was taken from that decree. But Clark and the O'Briens filed an answer and cross bill to which the demurrer of Case and Wright was sustained as stated above.

In paragraph 3 of the bill as amended complainant Case alleges in substance that he claims a leasehold interest in an undivided one-half interest in all oil, gas and minerals in a certain tract of land here involved. He alleges that said land was conveyed by a tax deed dated March 14, 1945, to Miss C. M. Melton by the state land commissioner; that on July 9, 1945, she conveyed it to W. M. Wright; and that on October 3, 1945, the said Wright conveyed said land to Eddie Lee Thomas, reserving to the grantor "all mineral rights on and under said lands". It then avers that there were several conveyances of the surface rights which finally reached L. C. Amerson and Myrtle Amerson. It alleges that on December 3, 1955, said Wright made an oil, gas and mineral lease of a half interest to complainant Case; that at that time said Wright was in the actual, peaceable possession of the land. That the severance occurred on October 3, 1945, when the surface of the land was deeded to Thomas; that since the date of said severance the peaceable possession of the surface of the land has been in Thomas and his named successors in deed as there stated. It then states that "the possession of the surface of the land by the said (named persons), and the possession of the fee simple estate by W. M. Wright, enures to the benefit of your complainant who claims through W. M. Wright, as shown by Exhibit 'A' attached to the original bill for the purpose of bringing and maintaining this action and that thereby your complainant is in the actual, peaceable possession of said interest".

In paragraph 7 of the amended bill, it is alleged that if complainant is mistaken

in his contention as stated in amended paragraph 3 (and as here stated above), then it is stated in paragraph 7 that "he is in the peaceable constructive possession of said leasehold interest in an undivided one-half of all oil, gas and minerals" in said land.

It will be observed that the bill as amended does not allege that complainant is the owner of an undivided one-half interest in the oil, gas and minerals in or under the land, but only that he claims them.

The cross bill sets out the facts with respect to the chain of title of complainant and shows that the tax sale to the State and the sale by the State to Miss C. M. Melton are not sufficient to pass the legal title; and that the only possession of complainant is constructive and is without the legal title to support it. The cross bill alleges and shows that cross complainants have the legal title, that no one has the actual possession of the oil, gas and minerals in the land, and that they therefore have the constructive possession of the minerals and that such possession is peaceable.

In addition to matters not necessary to mention, the cross bill seeks to have a decree ("B") declaring that the tax sale was void; ("D") that cross complainants are in the peaceable constructive possession of the mineral estate in the land, and "have the right to redeem said mineral estate from said purported void and invalid tax sale, and to have a determination by the court fixing the amount required of said respondents and cross complainants to effect such redemption". And also prays for general relief.

▮ As stated above, the decree sustaining the demurrer generally to the cross bill, and making no reference to grounds of demurrer going to an aspect of the cross bill, will be referred to the grounds addressed to the bill as a whole and on appeal here only those grounds addressed to the bill as a whole will be considered. City of Talladega v. Ellison, 262 Ala. 449, 79 So.2d

551, where the cases are cited. So that the decree should not be affirmed if any aspect of the cross bill is free from the demurrer interposed.

▮ The right of relief by a cross bill is controlled by Equity Rule 26, as amended (pocket part of Code 1940, Tit. 7 Appendix). Garner v. Peters, Ala., 96 So.2d 166.[1] For such relief to be available under that rule it must be for a cause connected with or growing out of the bill. According to the allegations of the cross bill, the sale by the state land commissioner was by virtue of a void tax sale, and it seeks to redeem from complainant by paying the amount of the lien of the State for taxes which was transferred to complainant. Section 283, Title 51, Code. This cross complainant has a right in equity to enforce such a redemption. Harrell v. Vieg, 246 Ala. 669, 22 So.2d 94.

▮ The demurrer to the cross bill as a whole pointed out no valid ground to that aspect of it. We may observe however that to maintain such a claim possession by the claimant is not necessary, Baker v. Farish, 244 Ala. 178, 12 So.2d 547: not now considering the three year statute of limitation, as to which no question is here presented. See section 295, Title 51, Code. That controversy is connected with or grows out of the original bill.

▮ We think the decree sustaining the demurrer to the cross bill as a whole was erroneous and should be reversed notwithstanding a failure to observe section 804, Title 7, Code. This is so because the allegations of the cross bill show that the O'Briens, cross complainants, and Clark are not jointly interested in the controversy set up by the cross bill. Maya Corporation v. Smith, 240 Ala. 371(21), 199 So. 549; Self v. Hane, 262 Ala. 446, 79 So.2d 549.

The decree should be reversed and the cause remanded.

1. 266 Ala. 303.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

. Reversed. and remanded.

·LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.