102 So.2d 11

Clarence KIRKLAND

v.

HUB CITY FINANCE CO., Inc.

4 Div. 951.

Supreme Court of Alabama.

April 10, 1958.

J. Hubert Farmer, Dothan, for appellant.

Wm. G. Hause, Dothan, and Halstead & Whiddon, Headland, for appellee.

PER CURIAM.

This is an appeal by complainant in a bill in equity from a decree sustaining a certain demurrer to the bill.

The suit was started at law by appellee finance company for the recovery of certain presonal property, and was transferred to equity.

The demurrer was addressed to the bill as amended, called a cross bill. But

it is not a cross bill and properly should be termed the bill as amended. See section 154, Title 13, Code. The demurrer set up nine grounds. The decree recited a submission on the demurrer of plaintiff and cross defendant to the "amended cross bill". This has reference to the bill filed in equity after its removal into equity. It is therefore an original bill as amended. The decree found and decreed that "grounds 4, 5 and 6 of the demurrer of cross defendant to the amended cross bill of defendant in this case be and the same are and each is hereby sustained". An appeal was taken by complainant from that decree.

■ The grounds of demurrer numbered 4, 5 and 6 were also addressed to the bill as a whole. The fact that those grounds refer to certain aspects does not change their status. It is said in Patten v. Swope, 204 Ala. 169, 85 So. 513, 514, that: "A demurrer is an entity in pleading; and its grounds are but reasons why the major premise of the demurrer should be made effective by the ruling of the court. Cahaba Coal Co. v. Elliott, 183 Ala. [298], 307, 308, 62 So. 808. In sustaining the twenty-third ground of this demurrer, which is addressed to the bill as a whole, though the twenty-third ground is only directed against a phase of the case made by the bill, the court vindicated and gave effect to the demurrer to the bill, not a phase of it". See Baker v. Farish, 244 Ala. 178, 12 So.2d 547; Montgomery v. Drinkard Auto & Truck Co., 257 Ala. 685, 60 So.2d 823.

The result of that status is that if any aspect of the bill is free from a defect pointed out by those grounds of the demurrer it should not be sustained. Patten v. Swope, supra (2); American-Traders' National Bank v. Henderson, 222 Ala. 426, 133 So. 36; Sellers v. Valenzuela, 249 Ala. 627 (6), 32 So.2d 517; Adams Supply Co. v. United States Fidelity & Guaranty Co., 265 Ala. 178(3), 90 So.2d 284.

The question on this appeal, therefore, is whether any aspect of the bill is free from any one of the three grounds of the demurrer which the court sustained. We must look further at the amended bill to determine that question. Broadly speaking, the bill seeks an accounting and discovery, resulting in the enforcement of the equity of redemption. Those three grounds 4, 5 and 6 refer to omissions in the bill with reference to a discovery.

Appellant contends that although we assume the bill is insufficient as one for discovery on a claim which is only available at law, the bill seeks to enforce a claim which gives it equity in that it is one for an accounting (on redemption). Cleveland Storage Co. v. Guardian Trust Co., 222 Ala. 210, 131 So. 634; American-Traders' National Bank v. Henderson, supra, (9).

■ We must therefore examine the bill's qualities to see if it has equity for any purpose. If it has equity for an accounting on redemption, the demurrer on grounds 4, 5 and 6 is not well taken. The principles by which a bill for an accounting is measured are in substance: (1) There must be some averment of fact to show that complete relief cannot be had in a court of law; or (2) some fact which makes relief one of equitable jurisdiction, Ex parte Deaton, 243 Ala. 154, 8 So.2d 819; Cleveland Storage Co. v. Guardian Trust Co., supra; or (3) the accounts are mutual (each having a claim against the other); or (4) so complicated and difficult to adjust that relief at law is not adequate; or (5) that fiduciary relations exist, Ex parte Adams Construction Co., 251 Ala. 347, 37 So.2d 497; Phalin v. Dearman, 181 Ala. 320, 61 So. 941; or (6) when a proper accounting between the parties would be cumbersome for the jury to unravel. Equity will take jurisdiction to settle the account if the facts create a reasonable doubt whether adequate relief may be obtained at law. Wright v. Saddler, 255 Ala. 101, 50 So.2d 235; Chrichton v. Hayles, 176 Ala. 223, 57 So. 696.

■ Equity has jurisdiction to redeem from a simple lien (see section 3, Title 33,

**370**

Code; Harrell v. Vieg, 246 Ala. 669, 22 So.2d 94; Baker v. Farish, supra), or from a mortgage which passes the legal title. Davis v. Hubbard, 38 Ala. 185, 189; Zimmern v. Peoples' Bank, 203 Ala. 21, 81 So. 811; Hall v. Milligan, 221 Ala. 233, 128 So. 438, 69 A.L.R. 618; Garrett v. Oddo, 261 Ala. 172(3), 73 So.2d 761; 14 C.J.S. Chattel Mortgages § 432, p. 1090.

The bill alleges that plaintiff at law (appellee) claims the chattel sued for by virtue of mortgages and, therefore, shows that the right of complainant in equity to redeem is available in that suit by virtue of the statute. Section 929, Title 7, Code. The right to transfer that suit to equity under the statute is not before us. Ex parte McAneny, 237 Ala. 135, 186 So. 142; Ex parte Deaton, supra. But we are considering its equity tested by the demurrer.

We think the bill has equity both to make settlement of a complicated account and to redeem from the mortgages under which appellee claims the title. It follows that the bill has equity independent of the discovery sought. It is not necessary therefore to justify the discovery sought in the bill that it contain necessary allegations when the bill does not set up an equitable right. American-Traders' National Bank v. Henderson, supra (9).

The grounds of the demurrer which were sustained to the bill do not controvert its equity in the two aspects, and should not have been sustained. The decree of the trial court must therefore be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.